AYRES, Judge.
This is an action for damages for personal injuries sustained in an automobile collision at the intersection of Common and Crockett Streets in the City of Shreveport, occurring about 1:30 o’clock P.M., August 30, 1956. The collision was between a Mercury automobile of one Richard E. Brown, with whom plaintiff was riding as a guest passenger, and a Ford automobile owned and driven by one Pete J. Catalano. Made defendants were the Delta Fire & Casualty Company, Brown’s insurer, and State Farm Mutual Automobile Insurance Company, Catalano’s insurer.
Out of the claim of $6006.90 plaintiff was awarded $956.90 and he has appealed, as did the defendant, Delta Fire & Casualty Company. The State Farm Mutual Automobile Insurance Company answered plaintiff’s appeal and prayed to be relieved of all liability on account of the alleged freedom from fault or negligence of its assured, Pete J. Catalano, and of the alleged contributory negligence on the part of plaintiff.
The accident occurred in the northeast quadrant of the intersection of Common and Crockett Streets. The course of Crockett Street, a one-way street, is generally east and west, with traffic moving only west thereon in three lanes of traffic. Common Street, a two-way street, runs generally north and south and crosses Crockett Street at right angles and accommodates four lanes .of traffic, two in each direction. The movement of traffic at this intersection is governed and regulated by four pedestal automatic signal lights, one located at each corner of the intersection. At the time of the collision the weather was clear and bright and the street surface was dry. There was no obstruction to obscure one’s view on eithér street in approaching this intersection .other than at tfte southeast corner a brick building constructed flush with the sidewalk gives the corner the appearance of a “blind” corner.
At the time of the collision Brown, accompanied by plaintiff, was traveling west on Crockett Street. Catalano was proceeding north on Common Street. Similar charges of negligence were made against the drivers of both cars, which included a failure to keep a proper lookout, running an adverse light, and traveling at an unreasonable rate .of speed in excess of 25 miles per hour as limited by the traffic ordinance offered in evidence.
The preponderance of the evidence is that Catalano entered the intersection upon a red light. This fact is established by the testimony of Frank Betts, who is in charge of the traffic light signal system in the City of Shreveport and who was only approximately 125 feet distant from the scene of the collision at the time of the *270 crash. The incident of the crash directed his attention to the signal system, which he ascertained was operating properly and that the green light was favorable for traffic on Crockett Street. Brown’s testimony is to the same effect. Plaintiff was lighting a cigarette and did not observe the intersection at the time of the collision. E. P. Alison, who was traveling 20 to 25 miles per hour north on Common Street three or four car lengths behind Catalano, testified that the signal light “turned” red immediately prior to Catalano’s entry into the intersection. Catalano in his statement does not deny categorically that the traffic signal was favorable to traffic on Crockett Street or that he entered the intersection on an unfavorable light. The only reference made by him to the traffic light is that he saw the light when he was about halfway to the intersection, presumably halfway from the intersection of Cotton and Common Streets, where he stopped for a red light and which was one block south of the intersection where the collision occurred.
The only testimony to the contrary was given by one Mrs. Opal Cheshire, who testified she was proceeding westerly on Crockett Street and that the collision occurred between a following car and a car proceeding northward on Common Street. She testified that as she entered the intersection the signal light “turned” to yellow. From this she would have it concluded Brown, who was following her, entered the intersection on a red light. We are not impressed with her testimony — except as to its unsatisfactory character. The manner in which Mrs. Cheshire testified — or refused to testify — justifies us in disregarding entirely her testimony as proving nothing.
The evidence does not justify a conclusion that either of the drivers was speeding nor that Brown was not keeping a proper lookout. The conclusion, however, is inescapable that Catalano entered the intersection on a red light, that he either knowingly ran the red light or was not maintaining a proper lookout. In either event, his was the negligence proximately causing the accident.
The evidence does not establish that Brown saw and realized, or that after he should have seen and realized, that Catalano was not going to comply with the red signal light and stop before entering the intersection, he had sufficient time and opportunity to do anything effective towards preventing the impending collision. Under the traffic light system, a motorist proceeding on a proper signal is entitled to assume, under normal circumstances and conditions, that the signals are understood and will be observed. He is not required to assume that other motorists will, in violation of law, enter an intersection on an unfavorable signal. The rule is, in gauging the fault which is attributed to one who was operating his vehicle in obedience to positive law, the courts should be convinced that the dereliction charged to him was most substantial and that it was such a direct factor that, without it, the accident would not have occurred. Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292; White v. Travelers Insurance Co., La.App., 94 So.2d 564.
The record is unconvincing that Brown was guilty of such a dereliction of duty or, in fact, any dereliction of duty at all that, without it, the accident would not have happened. From this it follows that the judgment as against Brown’s insurer is erroneous and should be reversed.
• Contributory negligence was charged to plaintiff by both defendants in his alleged failure to keep and maintain a proper lookout and in his failure to warn the driver of the approach of the other automobile. The evidence does not support these contentions, particularly in view of the fact that plaintiff’s driver was free of negligence.
*271 Next for consideration is the matter of quantum. The damages for medical treatment, hospital and doctors’ bills, ambulance service and repair of a broken dental plate, aggregating $206, were amply proven.
Following the accident plaintiff was conveyed to the North Louisiana Clinic, where he was examined and treated by Dr. Paul D. Abramson. Plaintiff was found to have sustained bruises to his head and chest, a lacerated wound on the right elbow and a fracture of the 8th rib located in the back part of the armpit- — in the back part of the chest. The laceration on the elbow required four sutures and 10 to 14 days to heal. Six to eight weeks were required to heal the fractured rib. Plaintiff remained in the clinic one day but was subsequently treated by the Doctor until November 1, 1956. Plaintiff continued to make calls upon the Doctor thereafter until January 4, 1957. By the force of the impact plaintiff was rendered temporarily unconscious and suffered pain and discomfort usual to such injuries, described by his doctor as of a moderate degree. For the injuries sustained and the pain and suffering undergone, we think an award of $1,-000 is reasonable compensation, neither inadequate nor excessive.
From a study of the Doctor’s testimony it appears plaintiff was able to return to work after November 1, 1956. His inability to work, therefore, covered a period of approximately eight weeks. As a contractor and carpenter his earnings were approximately $100 per week. For the loss of these earnings during the period of his disability plaintiff should, therefore, recover the sum of $800. Plaintiff’s total award should, therefore, be increased to $2006.90.
For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed, so far as condemning the defendant, Delta Fire & Casualty Company, be and it is hereby annulled, avoided, reversed and set aside and, accordingly, plaintiff’s demands as against said defendant be and they are hereby rejected and his suit-dismissed.
It is further ordered, adjudged and decreed that the award in plaintiff’s favor and as against the defendant, State Farm Mutual Automobile Insurance Company, be increased to $2006.90 and that, as thus amended, the judgment appealed is affirmed, with costs.
Reversed, in part, and amended and affirmed, in part.