HALL, Judge.
This is a suit for damages for personal injuries arising out of an intersectional automobile collision. The trial court rendered judgment in plaintiff’s favor for $1,821.00 against the three defendants in solido and they appealed. Plaintiff answered the appeal and asked that the award in his favor be increased to $5,000.00. He also prayed for damages for frivolous appeal.
In the briefs filed in this Court the defendants admitted liability for plaintiff’s injuries but complained that the award is excessive; while the plaintiff abandoned his prayer for frivolous appeal.
Thus the sole question presented to this Court is one of quantum.
The trial court awarded plaintiff $101.00 for medical and other expense, $120.00 for the loss of earnings, and $1,600.00 for pain and suffering, making a total of $1,821.00. The award for medical and other expense is not in dispute. Only the latter two items are in contest.
Defendants contend that the $120.00 award for loss of earnings should be eliminated entirely from the judgment for the reason that all testimony permitted by the trial court to be taken with regard to this item was taken over their objection that it constituted an enlargement of the pleadings.
The record reveals that plaintiff’s petition is devoid of any allegation or mention that he had sustained any loss of earnings as a result of the accident, nor does such an allegation appear in any other pleading or document filed by him. During the course of the trial when plaintiff attempted to testify relative to his loss of earnings defendants’ counsel promptly objected to the testimony. Thereupon the following colloquy took place:

“The Court

“* * * Your objection is noted, Mr. Christovich; however he does have the right to amend his petition, and, of course, you also have the right to state that you have been prejudiced by the amendment. Do-you desire permission to amend the petition ?

*682
“Mr. Plotkin:

“We desire permission to amend the petition on the loss of wages in connection with this accident.
“Mr. Christovich:
“Is there any particular figure or shall we find that out as we go along ?

“Mr. Plotkin:

“We will show Mr. Cameron’s lost wages from approximately the date of the accident August 23, to September 3 or 4.
* * * * * *

“The Court:

“That sounds reasonable, a two weeks period.

“Mr. Christovich:

“That does not sound reasonable as far as my company is concerned. Frankly, it sounds about as unreasonable as it can be. This man comes into court knowing full well this case was set for trial.

“The Court:

“Under the circumstances, Mr. Christovich, this seems to be a difference of opinion between yourself and the Court, and, of course, I will give you whatever time you may need to disprove the loss of earnings. The Court will allow the amendment and you may proceed with reference to the earnings. Mr. Christovich’s right to ask for a continuance for this particular point is reserved to him, if he sees fit to ask for it. Proceed.”
Plaintiff was then permitted by the Court to testify as to his loss of earnings without the amendment authorized by the Court having been filed or even dictated into the record (if the latter be permissable as to which we find it unnecessary to express an opinion).
Later in the trial when plaintiff’s wife attempted to testify on the same subject matter defendants’ counsel again objected:
“Mr. Christovich:
“Your honor, I understand that all of this testimony is subject to my original objection without the necessity of repeating.

“Mr. Plotkin:

“What are you referring to?

“Mr. Christovich:

“The objection to the entire of (sic) testimony. * * * My original objection was with respect * * *

“The Court:

“To the wages?

“Mr. Christovich:

“Yes, sir, that applies to this testimony without the necessity of repetition.

“The Court:

“Without necessity of repetition? Yes it does.”
■ The trial judge evidently intended in his rulings to conform to Article 1154 of the LSA-Code of Civil Procedure (LSA-C.C. P. Art. 1154) the third sentence of which reads as follows:
“If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits.”
The complaint here made by appellants is not that the Court erred in authorizing an amendment of the pleadings and not that the Court was not disposed to *683 grant a continuance (as provided for in the fourth sentence of the quoted article). Appellants’ complaint is that having objected to the testimony as not being “within the issues made by the pleadings” and never having withdrawn or waived the objection, such objection should have been sustained in the absence of an amendment to the pleadings being made which would serve to bring the testimony “within the issues made by the pleadings”.
Appellants’ contention is well taken in our opinion. The Article 1154 in effect recognizes the validity of an objection to testimony which goes beyond the pleadings and provides that in proper circumstances the Court may permit pleadings to be amended in order to cure the objection. We are of the opinion that an amendment of the pleadings is necessary to effectuate the cure prescribed by the article, and that the granting by the trial court of permission to amend is not sufficient to cure the objection unless such permission is followed by an actual amendment being made. If the amendment is not actually made the objection to the testimony is still good because the testimony is still not “within the issues made by the pleadings”.
Whether the amendment need be in writing; whether it is sufficient simply to dictate it into the record; or whether the amendment may be- waived by the party who objected to the testimony are matters with which we are not here concerned and we express no opinion with regard thereto.
In the case before us there was ño amendment whatever and in face of the fact that they persisted throughout in their objection to the testimony as not being “within the issues raised by the pleadings” it cannot be argued that they waived the amendment.
Since we are unable to give any effect to testimony taken over proper objection, the item of $120.00 for loss of wages will be disallowed.
The second issue to be determined is whether $1,600.00 for plaintiff’s pain and suffering is an appropriate award under the circumstances of this case.
Tlie accident which resulted in plaintiff’s injuries occurred on August 23, 1961. Plaintiff testified that the steering wheel of the taxicab which he was driving spun around and injured his wrist and the fingers of his right hand, and that the collision also caused a nervous jerk in his lower back at the site of an old operation scar. He stated he drove home immediately and that that night his fingers and wrist became painful and commenced to swell and that he had pains in his back. He resorted to home remedies such as hot soaks and aspirin and remained at home without medical care for approximately a week', He then consulted an attorney who sent him to see Dr. Byron Unkauf, an orthopedic specialist.
Dr. Unkauf examined plaintiff on August 31, 1961 and found that he had some pain and tightness of the 4th and 5th fingers of the right hand but observed no swelling in either the fingers or the wrist. He, however, noticed some “cracking” in the wrist. The examination of plaintiff’s back revealed some slight paravertebral spinus muscle spasm. X-rays of the hand and wrist and also of the lumbo-sacral spine were nega-< tive for fracture or disease. Dr. Unkauf diagnosed plaintiff’s injuries as “a slight sprain of the right wrist and a slight sprain of the lumbo-sacral muscles”. He advised plaintiff to soak his hand and wrist in hot salts solutions and to sleep on bed boards and use heating pads at night. He also gave him a prescription containing muscle relaxants and tranquilizers, and advised him to return later.
Dr. Unkauf subsequently saw plaintiff on September 11, September 18 and October 24. The doctor noted improvement in plaintiff’s condition on each visit. At the time of plaintiff’s second visit on September 11 he had stopped complaining.of his wrist and fingers and on October 24 plain *684 tiff told the doctor that he was working full time as a taxi-driver. On this latter date Dr. Unkauf found some slight residuals “but not of too much moment” and advised plaintiff to go back to work and to see him again in three weeks. Plaintiff never returned. Dr. Unkauf testified that he at no time advised plaintiff not to work; that his back was not too severe and responded readily and that the condition in his wrist and fingers very soon subsided.
The defendants caused plaintiff to be examined by Dr. Irving Redler, also an orthopedist, on November 17, 1961. X-rays taken by Dr. Redler on this date showed no pathology and Dr. Redler found no disability whatever in plaintiff’s wrist, fingers or back. Neither Dr. Unkauf nor Dr. Redler attached any significance to the “cracking” in plaintiff’s wrist. Each testified that it is a very common occurrence in persons who have never been injured.
It thus appears that plaintiff’s injuries were very slight. As a matter of fact plaintiff himself testified that he stopped taking Dr. Unlcauf’s prescription and also stopped the hot soaks after two weeks, although he stated his wrist pained him for two or three months.
Under the circumstances we are of the opinion that the trial court’s award of $1,600.00 for plaintiff’s pain and suffering is excessive and that an award of $800.-00 for this item would be adequate and more in line with the jurisprudence. See Johnson v. Delta Fire and Casualty Co., et al., La.App., 102 So.2d 268; Johnson v. State Farm Mutual Automobile Insurance Company et al., La.App., 136 So.2d 446; Jacobs v. Landry, La.App., 82 So.2d 481; Vest v. State, Through Department of Highways, La.App., 90 So.2d 896; Mehlsen v. Louisiana Southern Railway Company, Court of Appeal, Fourth Circuit, 148 So. 2d 473.
For the foregoing reasons the judgment appealed from is amended by reducing the damages awarded to plaintiff from $1,821.-00 to $901.00 and as thus amended and in all other respects the judgment is affirmed. Costs in this Court to be borne by plaintiff-appellee, all other costs to be borne by defendants-appellants.
Amended and affirmed.