SARTAIN, Judge.
Plaintiff, Budget Plan of Baton Route, Inc., on November 19, 1969, instituted this action, as holder of a promissory note of defendant, Willie J. Talbert. The original amount of the note was $1,512.00 and plaintiff’s petition alleged an unpaid balance of $704.39. The note was executed on November 14, 1967, and provided for twenty-four (24) consecutive monthly installments of $63.00 each. The first payment was due on January 5, 1968, and the final payment would have been due on December 5, 1969, or about two weeks after the filing of this suit. In addition to the alleged balance due of $704.39, plaintiff also prayed for interest at the rate of eight percent thereon from December 5, 1969, until paid, plus twenty percent additional thereon, but in no case less than $25.00, as attorney’s fees, and for all costs.
The pertinent portion of the defendant’s answer reads as follows:
“4.
“ . . . defendant shows that the note sued on herein contains capitalized interest, and that this suit includes an attempt to collect capitalized interest from the date of acceleration of the note to its maturity, and in violation of the law of this State that the holder of a note containing capitalized interest who accelerates the maturity of said note is obliged to remit in full all interest from the date of acceleration to the maturity of the note. Defendant further shows that this note is a contract for the payment of interest in excess of that authorized by law and, hence, pursuant to R.S. 9:3501, plaintiff is required to forfeit the entire amount of interest represented in said note. Defendant specially reserves the *624 right to bring a reconventional demand against plaintiff if it appears that on the trial of this matter the payments heretofore made by defendant are in excess of the principal sum owed on said note after deduction of the capitalized interest.”
At the trial, the district judge admitted certain evidence and testimony, subject to plaintiff’s timely objection that the same had the effect of expanding the pleadings. The evidence and testimony objected to concerned a prior note made by defendant in favor of plaintiff, the consideration therefor and the computation of the actual principal and capitalized interest of that prior note. The prior note was apparently refinanced and the balance due was paid off by the note sued upon herein and defendant also received some cash at that time. Plaintiff continued to object to any evidence concerning these negotiations and to any evidence which might show the amount of actual principal and capitalized interest contained in the note sued upon on the same grounds that the defendant’s answer alleged no material facts which would permit the introduction of such evidence, that at best the answer contained an affirmative defense pleaded only generally or as legal conclusions.
In the court’s written reasons for judgment, the objections of plaintiff were overruled on the grounds that plaintiff was not surprised or prejudiced by the presentation of the evidence and that plaintiff had in its possession all records pertaining thereto. It is implicit that the judge thought that the objections per se were well founded. The judge then determined that the payments made by the defendant on both notes exceeded the actual principal amount contained in them and rendered judgment dismissing plaintiff’s suit. We find that the district court was without authority to overrule plaintiff’s objections and erred in considering the evidence, the introduction of which was not supported by factual allegations in the pleadings, and we reverse.
When a timely and well founded objection is made to evidence on the ground that it is not within the issues raised by the pleadings, the recourse of the party attempting to introduce such evidence is amendment of the pleadings. We quote in support of our position La.C.C.P. Art. 1154:
“When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.”
We quote further from the Official Revision Comments, Comment (c), under Art. 1154:
“(c) Heretofore, under Louisiana law, all of the material facts upon which an affirmative defense is based had to be pleaded in the answer; and upon timely objection all evidence offered to support an affirmative defense pleaded generally or in terms of legal conclusion was excluded, (citations omitted) Any amendment sought to be made at the trial under the jurisprudential rules was denied on the dual grounds that the amendment came too late and that it *625 would have the effect of changing the issues, (citations omitted).
“In view of the retention of the Louisiana system of fact pleading effected by Arts. 854, 891, 1003 through 1005, supra, it is still necessary to plead in the answer all of the material facts on which all affirmative defenses are based. See Arts. 1003, 1005, supra.. To this extent no change is made in the rules applied in all of the above cases. But the. law is changed under the third sentence of the above article which authorizes the trial judge to permit amendments, even on the trial of the case, so as to plead the material facts supporting an affirmative defense pleaded only generally or as legal conclusions in the original answer.”
We can hardly improve on the explanation of the law in that Comment. The trial judge has no authority simply to overrule a well founded objection under Art. 1154. The element of surprise or prejudice merely affects the court’s discretion in allowing an amendment to the pleadings or in granting a continuance to the objecting party thereafter. Even permission to amend granted by the trial judge without an actual amendment of the pleadings cannot overcome' the obj ection. Cameron v. Winn Dixie, Inc. of Louisiana, 149 So.2d 680 (4th La.App.1963). The general rule that procedural requirements should be liberally construed to avoid harsh results has no application where, as here, a simple and express remedy is provided.
The answer of the defendant in the instant case fails to allege any particular facts to support the general allegations or conclusions of illegality or usury and defendant did not attempt to amend his answer. The evidence on which the trial judge based his opinion should not have been admitted and considered after plaintiff’s timely objection thereto.
For the above and foregoing reasons, the judgment of the trial court is reversed and judgment is hereby rendered, as prayed for, in favor of the plaintiff, Budget Plan of Baton Rouge, Inc., and against the defendant, Willie J. Talbert, in the full sum of Seven Hundred Four and 38/100 ($704.39) Dollars, together with interest thereon at the rate of eight (8%) percent per annum from December 5, 1969, until paid, plus an additional twenty (20%) percent thereon as attorney fees and for all costs. The costs of this appeal are to be borne by defendant-appellee.
Reversed and rendered.