CULPEPPER, Judge
(concurring in part, and dissenting in part).
I concur in that part of the majority opinion which rejects defendant’s recon-ventional demand for damages. However, *836 I dissent from the holding that plaintiff is not entitled to recover past due rent in the sum of $3,050 which was proved but was not prayed for.
On March 23, 1973, plaintiff leased to defendant the Tournoi Motel and Lounge for a term of one year and at a monthly rental of $750, payable in advance on the first of each month. On June 30, 1973, plaintiff filed suit to cancel the lease on the grounds that defendant had failed to pay the utility bills as agreed upon in the lease. She prayed for cancellation of the lease and damages for breach thereof. She did not allege or pray for unpaid rent, because none was overdue at that time.
On July 10, 1973, plaintiff filed a supplemental petition in which she alleged that the rental of $750 due for July 1 had not been paid. She also alleged certain other breaches of the lease. The prayer of her supplemental petition reiterates the demand that the lease be canceled and damages be awarded, but does not pray for the one month’s rent for July which was alleged to be past due.
On October 26, 1973, plaintiff filed a proceedings to evict defendant for nonpayment of the rent. Pursuant to these proceedings, defendant was actually evicted and vacated the premises on November 18, 1973. Thus, when the case finally came to trial several months later, the lease was already terminated and defendant had vacated the premises. The only issues remaining at the trial were plaintiff’s claim for damages and for rent, and defendant’s re-conventional demand for damages.
At the trial plaintiff testified under direct examination that the last payment of rent was made in July in the sum of $750 for rent due on June 1, 1973. She testified, without objection, that no rent had been paid for July, August, September, October or November. It was not until plaintiff’s counsel began to ask her questions about damages for broken television sets, light fixtures, etc. that defense counsel made an objection that there were no allegations in the petition as to any such items. The trial judge ruled that he would allow the testimony, subject to the objection, and would decide later whether the unalleged items of damages would be allowed. After making this ruling, the trial judge himself then stated that before leaving the question about the rent, he would like to know exactly how many months were unpaid. Then plaintiff’s counsel asked again what rent was unpaid, and plaintiff testified that the last rental paid was for the month of June. The judge himself then stated that it appeared that no rent was paid for July, August, September, October or November.
A reading of these portions of the transcript shows clearly that there was no objection made to the introduction of the testimony as to the rent. The objection which was made by defense counsel was directed at the testimony regarding broken television sets, light fixtures, etc.
The majority opinion concedes that “The evidence as to the rentals which had become due since filing of suit was admitted without objection.” I assume the majority means by this statement evidence as to the rent due for the month of July was admissible under the allegation in the supplemental petition that the rent due on July 1, 1973 had not been paid, but that the evidence as to the rent due for the months of August, September, October and November was not admissible under the pleadings for the purpose of making a claim for unpaid rent for those months.
The majority opinion then goes on to take the position that the evidence as to rentals which became due after July “was admissible on the issue of fault in termination of the lease and did not enlarge the pleadings.” I cannot agree that the evidence as to the rentals for August, September, October and November was admissible on the issue of fault in termination of the lease. By the time this case was tried, the lease was terminated and the defendant had vacated the premises months before. There was no issue as to who was at fault *837 in the termination of the lease. The only issues were rent due, damages sought by plaintiff and defendant’s reconventional demand for damages.
LSA-C.C.P. Article 1154 provides in part:
“When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading.”
Our jurisprudence under this article establishes the rule that pleadings are enlarged by evidence adduced without objection, where such evidence is not pertinent to any of the issues being tried under the pleadings, Austrum v. City of Baton Rouge, La., 282 So.2d 434 (1973); Tate, “Amendment of Pleadings in Louisiana”, 43 Tul.L.Rev. 211, at pages 225-227.
Applying these rules to the present case, the evidence which was admittedly introduced without objection as to the rentals due for the months of August, September, October and November enlarge the pleadings. The pleadings did not allege these past due rentals, and evidence as to them was not admissible to show fault in termination of the lease, because by the time of trial the lease had been terminated, and defendant had vacated the premises months before. The rentals had no relevance to the damages sought by plaintiff.
As to the rental of $750 due for July, this was alleged in plaintiff’s amended petition, but not prayed for. Evidence thereof was clearly admissible under the pleadings, and it was admittedly proved. Under LSA-C.C.P. Article 862, plaintiff is clearly entitled to judgment for this $750, which she specifically alleged and proved, even though she did not pray for it.
In addition to my conclusion that plaintiff’s demand for rent should be allowed because the pleadings were enlarged, I think the recent case of Budget Plan of Baton Rouge, Inc. v. Talbert, La., 276 So.2d 297 (1973) is applicable here. In that case, the plaintiff-payee sued the defendant-maker of a promissory note. During the trial, defense counsel sought to ask questions. to prove usury. Objection was made by plaintiff that this was an affirmative defense which was not specially pleaded. The trial judge permitted the evidence subject to a later ruling. The district court finally ruled that the plaintiff-payee was not surprised or prejudiced by the usury defense, and it dismissed the plaintiff’s suit. The Court of Appeal reversed, 258 So.2d 622, on the ground that usury is an affirmative defense which must be specially pleaded and that defendant had made no attempt to amend his answer. The Supreme Court reversed the Court of Appeal and allowed the usury defense, stating:
“[4] Nowithstanding the established system of fact pleading in our State, when all facts have in reality been disclosed, as here, and fair notice is given to all parties with no surprise claimed, substance would be sacrificed “for wooden adherence to technicality to insist that a judgment rendered on this basis cannot stand.
* * * * * *
“Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief. (La.Code Civil P. art. 862).
<< 5ft ‡ íjí
“Every pleading shall be so construed as to do substantial justice. (Ibid art. 865).
* * * *
“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal . . . (Ibid, art. 2164).
* * * *
“The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure imple *838 ment the substantive law and are not an end in themselves. (Ibid art. 5051).
“Technical objections and harsh rules of pleading are not favored in our courts. Pleadings should be liberally construed, relaxing the technical rules in order to arrive at the truth, afford a litigant his day in court, and avoid a miscarriage of justice.”
Applying these rules to the present case, we have a situation where fair notice was given to defendant that past due rent was being claimed. The July rent was alleged and plaintiff testified without objection as to the rent due for August, September, October and November. So defendant knew at the trial that plaintiff was claiming all past due rent. Yet, at no time did defendant contend that he was surprised. It is true that plaintiff made no request to amend her pleadings to conform to the evidence under LSA-C.C.P. Article 1154. But it is equally true that defendant made no request for a continuance to enable him to meet any evidence introduced by plaintiff.
Furthermore, all of the evidence regarding the rentals is in the record. Even in his brief filed in this Court, defendant has claimed no surprise and has suggested no evidence which he would like to introduce in defense of the claim for rent. In this situation, the pleadings should be liberally construed, relaxing the technical rules, in order to do substantial justice without forcing the parties to endure the additional delay and expense of further litigation. Plaintiff has proved she is entitled to judgment for rent due in the sum of $3,050. In his written reasons, the trial judge stated that this claim for rent had been proved, but the judge refused to award judgment for the rent on the technical basis that plaintiff had not prayed for this relief. The trial judge reserved to plaintiff the right to seek this rent in further proceedings. In my view, no useful purpose would be served by forcing plaintiff to suffer the additional delay and expense of filing another suit.
The majority opinion places emphasis on a letter written by plaintiff’s counsel to defense counsel at the time the amended petition was filed in July. This letter, which is quoted in the majority opinion, states that the amended petition does not increase or change the prayer of the original petition in any way. Apparently, the majority feels that after this letter was written, plaintiff was estopped to claim any rent, not only that which was already due on July 1, 1973, but also that which became due after the letter was written.
In his brief filed in this Court, counsel for plaintiff explains that when this letter was written in July, he thought the case would come to trial quickly, so he did not pray for the one month’s rent due. But when trial was delayed for months, she accumulated a substantial claim for $3,050 for back due rent to the time defendant was evicted. So at the trial, she testified as to this past due rent. And, for the reasons stated above, I think the pleadings were enlarged because this testimony was admitted without objection.
The majority opinion holds in effect that a letter written by counsel during a preliminary stage of the proceedings constitutes an absolute bar to any later change of position by the parties, and even bars the application of the rules of evidence. It is my view, that this letter can be given no such overpowering effect. Certainly, it cannot prevail against out statutory law and jurisprudence as quoted from the Budget Plan case, supra.
For the reasons assigned, I dissent from that part of the majority opinion which rejects plaintiff’s claim for past due rent in the sum of $3,050.