ELLIS, Judge:
This is a suit on a promissory note by Industrial Sand and Abrasives, Inc. against Floyd J. Quebedeaux and Mrs. James N. Castille, whose names appear thereon as makers. Defendants denied the allegations of the petition, and, by way of defense, alleged that the obligation under the note had been discharged by Mr. Quebedeaux by virtue of certain work which had been performed by him for plaintiff. Mr. Quebe-deaux also reconvened for monies allegedly owed him by plaintiff.
The note sued on was alleged to have been dated July 31, 1976. At the trial, however, the president of the plaintiff corporation testified that the note was actually executed in September, and the date, which appeared to have been written as “7-31-76” was actually “9-31-76”. When defense counsel objected to the introduction of the note into evidence because of the discrepancy in dates, plaintiff moved to amend his petition orally to conform to the evidence.
When the court permitted the amendment, defense counsel then moved to amend the answer orally to deny specifically the signature of Mrs. Castille. In permitting the amendment, the trial judge said:
“The only reason I am going to let you amend is because apparently there is a possibility that there was more than one note. I don’t know that there was, but there could have been more than one note. To that extent I will allow you to amend to deny the signature on this note.”
Plaintiff’s counsel objected prior to the court’s ruling, but, after the ruling, did not request a continuance. No formal written amendment to the pleadings was ever made by Mrs. Castille.
At the conclusion of the trial, the court rendered judgment in favor of plaintiff and against Mr. Quebedeaux, but dismissed this suit as to Mrs. Castille, who had denied signing the note. Plaintiff has appealed, putting at issue only the propriety of the judge’s permitting the amendment by defendant. Since Mr. Quebedeaux has neither appealed nor answered the appeal, the judgment is final as to him.
Our perusal of the record reveals that neither plaintiff nor Mrs. Castille ever filed a written amendment to their pleadings, following the trial of the case.
Article 852 of the Code of Civil Procedure requires that all pleadings be in writing. Even when the court has agreed to permit an amendment, evidence admitted pursuant to such an amendment over an objection cannot be considered if the amendment is, in fact, never made. See Cameron v. Winn Dixie, Inc., of Louisiana, 149 So.2d 680 (La.App. 4th Cir. 1963); Suffrin v. Dupont, 241 So.2d 581 (La.App. 1st Cir. 1970). Oral pleadings are not permitted in a court of record.
*1001 We think the interest of justice will best be served by remanding the case, with instructions to plaintiff and Mrs. Castille to properly amend their pleadings as permitted by the court; and for trial on the merits on the amended pleadings as to plaintiff and Mrs. Castille.
The judgment appealed from is reversed and set aside insofar as it dismisses plaintiff’s suit against Mrs. Castille, and the case is remanded to the trial court for proper amendment of the pleadings, and for trial on the merits pursuant thereto, as provided by law. Costs of this appeal shall be equally shared by the parties hereto, and assessment of other costs shall await final determination on the merits.
REVERSED AND REMANDED.