383 So.2d 1047 (1980)
Rubye Lockhart BISCO
v.
Jack Edmond MIDDLETON.
No. 13127.
Court of Appeal of Louisiana, First Circuit.
February 25, 1980.
*1048 Kenneth Fogg, Denham Springs, for plaintiff.
Jerry E. Bunch, Denham Springs, for defendant.
Before COVINGTON, LOTTINGER and COLE, JJ.
COLE, Judge.
Plaintiff, Rubye Lockhart Bisco, brought suit against Jack Edmond Middleton for rescission of a 1977 sale from her to defendant on the ground of lesion beyond moiety.
The trial court found that the property, which sold for $2,000, had at the time of sale a value of $8,828.25. Accordingly the plaintiff was held entitled to relief for lesion beyond moiety. The improvements to the tract made by defendant were valued at $4,200 based on the cost of materials and workmanship. We construe the intent of the judgment to allow defendant to elect between rescinding the sale or confirming it by paying the full value.[1] July 1, 1979, was fixed as the deadline for that purpose. In the event defendant chose to rescind the sale, plaintiff was ordered to pay $6,200, with seven per cent interest on the sum of $2,000 from February 16, 1977 (the date of the sale), and the same rate of interest on the sum of $4,200 from October 4, 1978 (the date suit was filed). If, however, defendant elected to keep the property, he was ordered to pay plaintiff $2,628.25 with seven per cent interest from October 4, 1978.
Both parties appealed. The issues on appeal are: (1) Proof of lesion beyond moiety; (2) Value added by improvements; (3) Interest on the purchase money; (4) Interest on the sum due for added value; and (5) Calculation of sum owed by defendant on electing to retain title.

PROOF OF LESION BEYOND MOIETY
In an action for rescission for lesion beyond moiety, the vendor must prove by clear and convincing evidence that the price given was less than one-half of the value of the thing sold. La.Civ.Code arts. 1861(2), 2591; Dunker v. Finance Funds Group, Inc., 333 So.2d 331 (La.App. 4th Cir. 1976); Peterson v. Herndon, 235 So.2d 178 (La.App. 2d Cir. 1970). The standard to be applied to determine the value of the property is fair market value at the time of the sale. La. Civ.Code arts. 1870, 1871, 2590; Valley Land Corporation v. Fielder, 242 So.2d 358 (La.App. 2d Cir. 1970).
The property in dispute is a 1.627 acre tract located within the corporate limits of the town of Walker in Livingston Parish. The tract fronts on its west end on Walker North Road, a major street, and is bounded above by Dumplin Creek Canal. To the east it adjoins land owned by defendant, while on the south it abuts plaintiff's property. The subject tract, zoned commercial, is in a neighborhood of mixed residential and commercial use. When defendant bought the tract, it had an uneven terrain and was covered with thick undergrowth and trees, so that it was difficult to walk through.
Defendant and his lay and expert witnesses stressed that a large part of the land was low and subject to frequent flooding. According to defendant and John Adams, who surveyed the tract, an old creek bed ran through the property. There was also *1049 testimony the condition of the land was such that it could not support a building without the use of pilings. Plaintiff's witnesses, on the other hand, acknowledged that some of the tract was low but emphasized that the greater part was high land with the same elevation as adjacent property. Plaintiff's expert witness estimated that less than ten per cent of the tract would be inundated during a normal flood of Dumplin Creek, while defendant asserted fifty per cent would be under water.
Each party offered the testimony of one expert appraiser. Plaintiff's expert, James Carpenter, using the market data approach, valued the land at the time of sale at $6,683 per acre, $10,875 for the tract. To reach this figure Carpenter looked to three comparable sales and made adjustments for differences in size, location, condition and use. One of the "comparables" used was a 1976 sale of a tract located only 120 feet from the subject property. Its per acre price was $10,338.
Defendant's expert, Larry Bankston, testified he was unable to use comparable sales because according to his estimates, the cost of raising the elevation and improving the condition of the subject tract to make it equivalent to that of a "comparable" was so great as to exceed the selling price of any "comparables" he could find. In Bankston's opinion, no knowledgeable buyer would have been willing to spend the money needed to develop the property when there was other readily usable land available in the area at a lesser cost. He placed a market value of $2,000 on the tract because there was at least one buyer, the defendant, willing to pay that price.
The trial judge did not adopt the appraisal of either expert. Instead he fixed the value of the tract at $8,828.25. In so doing, he expressly looked to the comparable sales used by plaintiff's expert but without accepting the adjustments to those sales made by the expert. The trial judge apparently felt these adjustments were not valid.
We find no error in the trial court's holding on the value of the tract. When there are great variances among appraisals, it is the court's function to examine each appraisal to determine which is more reasonable. The court is not bound to accept to reject one expert's testimony in its entirety to the preference or rejection of another's. Parts of each expert's testimony may be accepted when the testimony so accepted is based on proper facts and sound reasoning. Dixie Electric Membership Corp. v. Guitreau, 302 So.2d 324 (La.App. 1st Cir. 1974); State Department of Highways v. Salassi, 244 So.2d 871 (La.App. 1st Cir. 1971). We think the trial court properly weighed the witnesses' testimony. The court's valuation takes into consideration the serious nature of the problem of low elevation and gives proper weight to comparable sales, whose significance was too readily disregarded by defendant's expert. Since the $2,000 purchase price is less than one-half of the value placed on the property by the trial court, plaintiff is entitled to relief for lesion beyond moiety.

VALUE ADDED BY IMPROVEMENTS
If defendant elects to rescind the sale, he is entitled to reimbursement for the $2,000 purchase money and for the improvements added to the tract.
Civil Code art. 1878.
If the purchaser elect to rescind the sale, he must restore the property with all the profits received, or which he might have received from the property from the time of bringing suit; and the seller shall repay the purchase money which he has received, with interest from the same time, give up and cancel the securities given for such part, if any, as remains unpaid; and moreover pay for such improvements made by the purchaser as add a permanent value to the property, according to their value at the time of the rescission of the sale.
The trial court over the objection of plaintiff admitted testimony on the amount of money defendant had spent clearing and draining the tract and adding fill. In its oral reasons for judgment, the trial court, citing Civil Code article 508, appraised the *1050 improvements at $4,200 based on the cost of materials and labor.
We think the lower court was in error to use the cost of improvements as the basis for its award. Article 508,[2] which previously came within the chapter entitled "Of the Right of Accession in Relation to Immovables" is inapplicable. The Civil Code in Article 1878 specifically treats the problem of reimbursement for improvements when a sale is rescinded for lesion beyond moiety. We are directed by that article to look at the time of rescission to the value which the improvements add to the property. The cost of materials and labor is not pertinent. As there is no evidence in the record on the enhanced value of the property due to improvements, we will remand for the taking of evidence on this point. At the beginning of the hearing the trial court, for appraisal purposes, must declare the date by which defendant elects between rescinding the sale or confirming it by paying the full value. After the additional evidence has been adduced, the trial court is directed to render an interlocutory decree establishing the value the improvements add to the property at the time set for possible rescission and ordering defendant to exercise his option within the period allowed. After defendant declares his choice, the court shall render a final decree. La.Civ.Code arts. 1877, 1880.

INTEREST ON PURCHASE MONEY
The judgment below erroneously ordered plaintiff, in the event defendant chose to rescind the sale, to pay seven per cent interest on the $2,000 purchase price from February 16, 1977, the date of sale. Civil Code articles 1878 and 2592 clearly state that interest on the purchase price is to run from the day suit was filed. Accordingly, we reverse that portion of the judgment below and order that interest on the $2,000 shall run from October 4, 1978, in the event defendant chooses to rescind the sale.

INTEREST ON SUM DUE FOR ADDED VALUE
Plaintiff also complains about the award of interest on the sum set for the value of improvements. The judgment below imposed seven per cent interest running from October 4, 1978, the date suit was filed.
The Civil Code does not specifically address the question of interest on the value added by improvements in a case of rescission for lesion beyond moiety. Instead we must look to the general article on judicial interest. Civil Code article 2924 reads in pertinent part:
Art. 2924.
Interest is either legal or conventional. Legal interest is fixed at the following rates, to wit:
At seven percent on all sums which are the object of a judicial demand. Whence this is called judicial interest;
The problem in this case is determining when judicial demand was made for reimbursement of added value. In an action for lesion beyond moiety, the vendee is given the option to elect between rescinding the sale and retaining title by paying the just price. La.Civ.Code arts. 1877, 2592. The choice must be made within a period set by the court. La.Civ.Code art. 1877. Until the vendee elects to rescind, there can be no sum due for the value the improvements add to the property. However the filing of the suit triggers an inchoate demand for the value should the election be made to rescind the sale. This demand, although not completed until the election to rescind is made, nonetheless is begun at the instance of litigation and interest on the value should commence running at that time. This results in equity as between the parties, considering the seller is entitled to interest from judicial demand on the additional sum due him should the purchaser elect to keep the property. We find no manifest error in allowing judicial interest to run on this value from the date suit was filed by plaintiff.

*1051 SUM OWED BY DEFENDANT
If defendant elects to keep the property, he must of course make up the just price by paying the difference between the purchase price ($2,000) and the true value of the property ($8,828.25), plus interest thereon from the date of suit. La.Civ.Code art. 2592. This amount is $6,828.25. The trial court went one step further and erroneously deducted an additional $4,200 from the above sum, thus giving defendant credit for the improvements he had placed on the property. This is clearly incorrect since upon paying, defendant would be entitled to keep the property and the improvements. The effect of the judgment below is to make plaintiff pay for improvements on property to which defendant retains title.
For the foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part, remanded for further proceedings consistent with the opinion expressed herein, and is recast as an interlocutory judgment to read as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, Rubye Lockhart Bisco, and against the defendant, Jack Edmond Middleton, decreeing the true value of the property sold by plaintiff to defendant by virtue of Act of Cash Sale recorded in COB 227, Page 739, Entry No. 123534, of the Records of Livingston Parish, Louisiana, to be the sum of $8,828.25, and, accordingly,
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the aforesaid sale is subject to being invalidated and rescinded for lesion.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon the future ascertainment of the value the improvements made by the defendant added to the property, the defendant shall be granted a period of time within which to elect either to rescind the sale, or to have it confirmed by paying the full value.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in the event the defendant elects to confirm the sale by paying its full value, he shall pay to the plaintiff the sum of $6,828.25, plus interest thereon at the rate of seven per cent per annum from October 4, 1978, until paid; and, in the event the defendant elects to rescind the sale, the plaintiff shall pay to the defendant the sum of $2,000, plus a sum hereafter to be determined for the value the improvements made by the defendant added to the property, plus interest on both sums at the rate of seven per cent per annum from October 4, 1978, until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that expert witness fees are set for James Carpenter, John D. Adams and Larry Bankston in the respective amounts of $200, $120 and $100, the plaintiff to pay James Carpenter and the defendant to pay John D. Adams and Larry Bankston, all other costs to be divided equally between plaintiff and defendant."
We now order the Clerk of Court and Ex-Officio Recorder for the Parish of Livingston to maintain the Notice of Lis Pendens recorded in COB 266, Page 204, and in MOB 156, Page 277, pending a final decree herein. And, if recorded, we order said Clerk to cancel and erase the trial court judgment rendered March 19, 1979, and read and signed on March 21, 1979. We further order the said Clerk to inscribe in its entirety this opinion and decree in both the conveyance and mortgage records of his office.
Costs of this appeal are assessed equally against appellant and appellee. Additional costs on remand are to await final disposition.
AFFIRMED IN PART, REVERSED IN PART, RECAST AND REMANDED.
NOTES
[1] We find the judgment to be ambiguous. On the one hand it unequivocally orders a rescission of the sale and the return of the sale price, plus payment by plaintiff to defendant of the value of the improvements defendant made to the property. On the other hand the judgment allows the defendant to retain title to the property by paying to plaintiff a sum purporting to be the difference between the sale price and the full value of the property. We will recast the judgment conforming it with law and this opinion.
[2] This article was amended in 1979, effective January 1, 1980. Civil Code arts. 496, 497 now cover the subject and are included within the chapter entitled "Of the Right of Accession to What Unites or Incorporates Itself to the Thing."