427 So.2d 27 (1983)
Adam B. FONTENOT, Plaintiff-Appellee,
v.
Curtis L. FONTENOT, et ux., Defendant-Appellant.
No. 82-468.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1983.
*28 Tate, Tate & Tate, Paul C. Tate, Sr., Mamou, for defendant-appellant.
A. Gaynor Soileau, Ville Platte, for plaintiff-appellee.
Before STOKER, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
This is an appeal to rescind and annul an act of sale on the grounds of lesion beyond moiety and incompetency. From the judgment nullifying the sale, the defendants, Curtis L. Fontenot and his wife, Ruby Johnson Fontenot, have perfected this appeal. The trial court carefully considered this case, assigning written reasons for his judgment. Finding that the trial court did not commit manifest error, we affirm.
The issues on appeal are:
(1) Whether the trial court erred in allowing plaintiff to orally amend his petition at trial;
(2) Finding the sale to be lesionary; and
(3) In finding the vendor, Mary Laura (Lar) Fontenot, to be incompetent at the time the act of sale was passed.
On April 16, 1980, Mary L. Fontenot sold four (4) acres of land to Mr. and Mrs. Curtis L. Fontenot for the sum of $4,000.00.
On May 19, 1980, the brothers of Mary L. Fontenot petitioned for her interdiction wherein she was adjudicated an interdict on June 13, 1980. The court appointed her brother, Adam B. Fontenot as curator, and subsequent to her death on October 23, 1980, confirmed him as administrator of her estate. She had been divorced many years, leaving no ascendants nor descendants.
At the commencement of the trial on November 30, 1981, the defendants filed a peremptory exception of no cause of action. The plaintiff then orally moved to amend his petition which the trial court allowed. The defendants then moved by oral motion for a continuance which was denied. Three (3) previous continuances were granted to the defendants on the following dates, to wit: December 2, 1980, January 12, 1981, and October 19, 1981.

*29 AMENDMENT TO PETITION
At the commencement of the trial the defendants filed an exception styled as "Exception of No Cause of Action".[1] In response to defendants' exception the trial court allowed plaintiff "to make an oral amendment to his petition with leave to substitute a written amendment thereto."
Defendants asked the court for a continuance on the basis that plaintiff's oral amendment changed the allegations of the original petition.
The trial court denied defendants' motion for a continuance.
Plaintiff never filed his written amendment to the pleadings.
Article 852 of the Code of Civil Procedure does not permit oral pleadings in a court of record. Industrial Sand & Abrasives v. Quebedeaux, 366 So.2d 999 (La.App. 1st Cir.1978). We are in accord with the law and jurisprudence on this issue, but we find in the case at bar that the defendants' exception is founded on the insufficiency of allegations. The court notes this dilatory exception filed in disguise as a peremptory exception and rejects it. Since this exception was filed after defendants' answer, this dilatory exception was waived. LSA-C.C.P. Art. 928; Collins v. Slocum, 317 So.2d 672 (La.App. 3rd Cir.1975); Texas Gas Transportation Corporation v. Gagnard, 223 So.2d 233 (La.App. 3rd Cir.1969).
While it is apparent that plaintiff moved for the oral amendment out of an abundance of precaution, we conclude that an amendment was not required.
Albeit Article 402 of the Civil Code was not tracked in plaintiff's petition, this court finds that articles three and four of the petition informed the defendants that proof of the cause of the vendor's interdiction notoriously existed at the time of the sale prior to the filing of the petition for interdiction. Articles three and four of plaintiff's petition read as follows:
"3. Petitioner avers that at the time the sale was entered into, the interdict, Mary Laura (Lar) Fontenot, was mentally and emotionally unstable and incapable of handling her own affairs.
4. May 19, 1980, her brothers, Adam B. Fontenot, Dennis B. Fontenot and Delouis B. Fontenot, filed a petition for the interdiction of their sister, Mary Laura (Lar) Fontenot and upon due presentation of evidence to the Court on the 18th day of June, 1980, the court found that Mary Laura (Lar) Fontenot was incapable of handling her own affairs and entered a judgment (sic) of interdiction declaring her an incompetent, incapable of caring for her person and administering her estate and appointed Adam B. Fontenot as the curator of the interdict."
Article 402 of the Civil Code specifically requires that proof of the cause for interdiction notoriously existed at the time of the sale. The article reads as follows:
"No act anterior to the petition for the interdiction shall be annulled, except where it shall be proved that the cause of such interdiction notoriously existed at the time when the acts, the validity of which is contested, were made or done, or that the party who contracted, with the interdicted person, could not have been deceived as to the situation of his mind.
Notoriously, in this article, means that the cause of interdiction was generally known by persons who saw and conversed with the party." (Emphasis ours.)
The proper forum for such proof is the trial on the merits.
Article 1860 of the Civil Code defines lesion as "the injury suffered by one who does not receive a full equivalent for what he gives in a commutative contract...."
Article five of plaintiff's petition alleges that the sale at issue was for an inadequate consideration.
*30 The defendants propounded interrogatories to the plaintiff which were answered on December 20, 1980. Plaintiff's response to one of the interrogatories indicated that the property in question had a value of $3,000.00 per acre on the date of the sale to the defendants.
We further find that the defendants were granted a constructive continuance on November 30, 1981, at the trial on the merits when the defendants were not required to present their defense until the conclusion of the case on February 24, 1982.
This "continuance" together with plaintiff's petition and his answers to interrogatories sufficiently aided the defendants in the preparation of their defense at trial. We find that the defendants' rights were not prejudiced.

LESION BEYOND MOIETY
Turning to appellants' contention that the trial court erred in rescinding the sale, it is incumbent upon the vendor to prove by clear and convincing evidence that the purchase price given was less than one-half of the value of the object sold. LSA-C.C. Arts. 1860, 1861(2), 2589; Bisco v. Middelton, 383 So.2d 1047 (La.App. 1st Cir.1980); Fletcher v. Smith, 216 So.2d 663 (La.App. 3rd Cir.1969), writ denied, 253 La. 633, 219 So.2d 173 (1969). The applicable standard is the determination of the fair market value of the property at the time of the sale. LSA-C.C. Arts. 1870,1871, 2590; Bisco, supra; Valley Land Corporation v. Fielder, 242 So.2d 358 (La.App. 2nd Cir. 1970), writ denied, 257 La. 861, 244 So.2d 611 (1971).
Plaintiff presented the testimony of two experts, Charles Buller and Hasker Garland, local realtors, to establish the value of the property at the time of the sale. Their conclusions were based upon the use of separate sets of comparable sale values in the area adjacent to the subject property. Mr. Buller based his appraisal on property located within two miles of the sale location. Like the subject property all the comprable tracts had been in use as farmland. He testified that most of the tracts of this limited acreage were too small to sell as farmland. The greatest demand in the area for this size tract of land is for homesites.
The appellants base their argument on the decision of Armwood v. Kennedy, 231 La. 102, 90 So.2d 793 (1956), and contend that the market value of the property must be determined solely by the use of the property at the time of the sale to the exclusion of other appraisal methods or approaches. This rule of law is not so restricted. A brief summary of this rule is found in the case of Martin v. Mays, 127 So.2d 77 (La. App. 1st Cir.1961), where the court stated:
"... We conclude the net effort of Armwood v. Kennedy to be that plaintiff in a lesion action is not barred from proof of a higher and better than actual use at the time of sale but that such evidence will be considered in light of the state of the property at the time of the sale together with all other attending circumstances affecting fair market value...."
It was brought out by Mr. Buller's testimony that the instant property had a value as a homesite without the necessity of any development. This factor distinguishes this case from Armwood, supra, where the evaluation there included major developments to the land to transform it into a subdivision. Accordingly, plaintiff's expert use of "highest and best use" as a factor in their evaluation was not improper.
Based on its condition at the date of the sale plaintiff's two experts value the land at $3,500.00 an acre. Defendants' expert appraiser, Oscar Sylvester, Jr., limited his evaluation of the instant land as farm land, concluding that it had top value of $1,500.00 to $1,600.00 an acre.
The trial judge valued the property at $3,000.00 an acre. The court is not bound to accept or reject one expert's testimony in its entirety. Where the trial judge's determination of value is based on sound reasoning, he may choose parts of each expert's testimony. Bisco, supra; Dixie Electric Membership Corporation v. Guitreau, 302 So.2d 324 (La.App. 1st Cir.1974); *31 State Department of Highways v. Salassi, 244 So.2d 871 (La.App. 1st Cir.1971).
We find no manifest error in the trial court's evaluation of the property and in finding the sale to be lesionary.

INCOMPETENCY OF VENDOR
Turning to the issue of the mental incapacity of Mary Laura (Lar) Fontenot, the trier of fact is in the best position to make this determination and in absence of manifest error his ruling will not be disturbed. The trial judge handed down a thorough and well considered opinion, concluding:
"The court has carefully reviewed the testimony of all lay and expert witnesses both as to the mental capacity of Laura Fontenot to enter into contractual relations at the time she executed the act of sale to defendants; and also as to the value of the property at the time of the sale; and concludes (1) that Mrs. Mary Laura Fontenot was incapable of giving valid consent to the contract because of her insanity or defect of reason, and, therefore, the sale should be rescinded; and the court is further convinced (2) that the property was worth $3,000.00 per acre, at the time of the sale, and, consequently the sale should be void and annulled on account of lesion beyond moiety."
The record fully supports the trial court's opinion.
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellants' costs.
AFFIRMED.
NOTES
[1] Defendants' peremptory exception:

"1. Plaintiff's petition fails to meet the requirements of CC Article 402 to annul the sale.
2. Plaintiff's petition fails to state the cause of action of lesion beyond moiety in that the only allegation, contained in Article 5, is that `the sale of the property in the deed of the 16th day of April, 1980, referred to as Exhibit A, by Mary Laura Fontenot to Curtis L. Fontenot, et ux was for an inadequate consideration.'"