426 So.2d 735 (1983)
Maria GOULAS, Plaintiff-Appellant,
v.
Dale Joseph GOULAS, Defendant-Appellee.
No. 82-487.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1983.
D. Warren Ashy, Lafayette, for plaintiffappellant.
J.B. Willis, St. Martinville, for defendantappellee.
*736 Before STOKER, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
Maria Goulas brought suit against her brother, Dale Goulas, for rescission of a 1977 sale of land on the ground of lesion beyond moiety. From a judgment dismissing her suit, she has appealed. We reverse and remand.
Maria Goulas owned a tract of land consisting of 6.1 arpents (about 5.2 acres) in St. Martin Parish. She lived on the property. On July 20, 1977, she and her brother signed an act of cash sale by means of which she conveyed the land to him.[1] The recited price was $200 cash "and other good and valuable consideration". The act of sale explained the "[a]dditional consideration [as] being" a usufruct for life upon the specifically described half acre where her home and garden were situated.
On June 26, 1981, plaintiff filed a petition seeking to rescind the sale on the ground of lesion beyond moiety. After trial the district court concluded that Maria Goulas had failed to prove lesion beyond moiety by the required strong and convincing standard. In its oral reasons the trial court indicated that if the price had been only $200 cash, the transaction would be clearly lesionary. However, the court assumed, as did the attorneys, that the usufruct was an additional consideration as stated in the deed, and finding that the plaintiff had offered no evidence to prove the value of the usufruct, the court held that Maria Goulas had failed to prove that the price paid was less than one-half of the value of the thing sold.
This is the first issue on appeal. We find it necessary to reverse the decision that the sale was not lesionary. The trial court erred in considering the usufruct for life over the half acre as additional consideration. It makes no difference that the act of sale characterized the usufruct as a portion of the consideration, or that this illiterate vendor might have thought of it as a consideration. The usufruct never left Mrs. Goulas. She was the full owner of the half acre before the conveyance and in the act of sale she merely retained, or reserved the usufruct to herself, conveying to her brother only the naked ownership. He who is already the owner of a thing, can not validly purchase it. La.Civ.Code art. 2443. So this issue becomes simply whether Mrs. Goulas proved by clear and convincing evidence that the $200 price given was less than half the value of the property sold.
In an action for rescission for lesion beyond moiety, the vendor must prove by clear and convincing evidence that the price given was less than one-half of the value of the thing sold. La.Civ.Code arts. 1861(2), 2591; and Bisco v. Middleton, 383 So.2d 1047 (La.App. 1st Cir.1980). The standard to be applied to determine the value of the property is fair market value at the time of the sale. La.Civ.Code arts. 1870, 1871, 2590; and Bisco v. Middleton, supra.
The fair market value of the property on the date of sale was established to have been $8,350 for the improvements (all located on the half acre subject to the usufruct), and between $3,000 and $4,000 an acre for the land. These valuations, undisputed in the record, make the sale clearly subject to rescission for lesion beyond moiety.
The second issue in the case involves primarily a procedural question. Defendant's answer to the suit consisted of a one-paragraph general denial of all allegations.[2] At *737 trial defense counsel attempted to introduce evidence to show that the July 1977 sale was in reality a donation in disguise. The plaintiff objected to the introduction of this evidence on the basis that such evidence and allegations constituted an affirmative defense which the defendant failed to plead in his answer. The district court overruled the objection and allowed the evidence. The trial court upheld the conveyance as a sale and therefore never considered whether the evidence could support the validity of the conveyance as a donation in disguise.
Plaintiff contends that in a suit for rescission based on lesion beyond moiety, the defense that the conveyance was in fact a donation in disguise is an affirmative defense and, as such, required to be specially pleaded. The issue is important because if the trial court properly admitted the evidence, it is now our appellate duty to consider it and determine whether the conveyance can be upheld as a donation. If the defense was not properly raised, this evidence cannot be considered.
Special defenses must be affirmatively pleaded. La.C.C.P. art. 1003. Explaining this article, the Supreme Court in Webster v. Rushing, 316 So.2d 111 (La. 1975), said:
[1,2] Even before the adoption of the 1960 Code of Civil Procedure, a defendant had to plead special defenses affirmatively in his answer.5 Presently, it is provided in article 1003 of the Code of Civil Procedure that the answer "shall set forth all affirmative defenses as required by Article 1005." 6
Article 1005, in addition to listing certain affirmative defenses7 which must be specially pleaded, contains the omnibus recital "and any other matter constituting an affirmative defense." (Emphasis added.) Thus, the listing of the named affirmative defenses in this article are merely illustrative. An affirmative defense raises new matter which, assuming the allegations in the petition to be true, constitutes a defense to the action and will have the effect of defeating plaintiff's demand on its merits.8 ...
In the instant case the defense that the sale was in reality a donation in disguise raises a new issue which, assuming the allegation of plaintiff's petition to be true, would defeat plaintiff's claim on the merits. Therefore, it was clearly an affirmative defense which was required to be specially pleaded.
The purpose of requiring the defendant to plead a special defense is to give fair and adequate notice of the nature of the defense so that plaintiff is not surprised. Webster v. Rushing, supra. Here, no mention of this defense was made either in defendant's answer or at any time prior to trial. The defendant's general denial would not put plaintiff on notice of defendant's contention that the conveyance was in reality a donation in disguise.[3] Since the plaintiff timely objected to the introduction of such evidence, the trial court erred in failing to exclude the evidence from the record. See Webster v. Rushing, supra. Therefore, we cannot consider the issue of whether the conveyance was a donation in disguise.
Accordingly, we hold that the sale is subject to rescission for lesion beyond moiety. Since there is no evidence in the record as to the value of the defendant's naked ownership of the half acre, we will remand for the taking of additional evidence on this point. After the additional evidence has been adduced, the trial court is directed to render an interlocutory decree establishing the fair market value of the property at the time of sale and ordering the defendant to exercise his option either to rescind the sale *738 or to have it confirmed on paying the full value within the period allowed by the decree. See La.Civ.Code arts. 1877 and 2591. After the defendant declares his choice, the district court shall then render a final decree. La.Civ.Code art. 1880.
For the reasons assigned the judgment of the district court is reversed and the case is hereby remanded for further proceedings consistent with this decision. All costs to be borne by the appellee.
REVERSED AND REMANDED.
NOTES
[1] The act of sale also contains a conveyance of all of Mrs. Goulas' right, title and interest in about 120 acres of land in St. Martin Parish. However, there was testimony that she had no record interest in that acreage, and apparently that is correct, since neither the court nor counsel paid any attention to that property at trial, and it is not mentioned on appeal. Therefore, we are concerned only with the 5.2 acres.
[2] The entire answer consists of the following:

"NOW INTO COURT, through undersigned counsel, comes DALE JOSEPH GOULAS, sought to be made defendant herein, to respond to the plaintiff's petition herein, by denying each and every allegation thereof either in fact or for lack of information to justify belief or in order to require specific proof."
[3] It could not be seriously contended that because plaintiff's petition alleged lesion and lesion beyond moiety necessarily involves a sale, defendant's general denial would put at issue whether there was a sale, thus opening the door to proof of a donation. To permit what ought to be an affirmative defense to be hidden away like that and sprung on an unsuspecting plaintiff on the day of trial, seems patently unfair. In the context of the pleadings, the gravamen of which is lesion, a one-paragraph general denial would no more put a plaintiff on notice that a sale was disputed than it would that a conveyance was disputed, and certainly defendant does not dispute a conveyance.