LOTTINGER, Judge.
This is a suit on an alleged contract for the procurement of employment. The petitioner is Alicia Ammon, doing business as General Placement Service, and the defendant is Frank Brown. The Lower Court rendered judgment in favor of petitioner and against defendant in the sum of $841.75 and the defendant has appealed.
The defendant contends that the petitioner was an employment agency within the meaning of R.S. 23:102 and R.S. 23:117(6). Accordingly, the defendant maintains that the only way any contrac-tional relationship could have existed between the petitioner and defendant would have been by a written contract in accordance with Section 5 of the “Regulations for Private Employment Agencies by Commissioner of Labor, State of Louisiana” Section 5 of which provides as follows:
“Contracts tending toward procurement and obtaining of employment between an applicant for a job in an employment bureau, labor agent and employment agencies in this state shall be standard in form to the extent practical. A duplicate copy thereof shall be issued and given to the contractee applicant for employment on the execution and signing by parties thereto; and the contract agreement for procuring employment shall be in the form of the contract attached hereto and made a part hereof.”
The petitioner, on the other hand, filed a motion to dismiss the appeal based upon the fact that the appeal has not been perfected because there is no written testimony nor signed narrative of facts filed in the record in accordance with the provisions of Article 2130 and 2131 of the Lou-siana Code of Civil Procedure, and because the appellant did not request the appellee to join in a written and signed narrative of facts, nor did appellant request the Judge to make a written narrative of facts.
Article 2130 of the Code of Civil Procedure provides as follows:
“A party may require the Clerk to cause the testimony to be taken down in writing and this transcript shall serve as the statement of facts of the case. The parties may agree to a narrative of the facts in accordance with the provisions of Article 2131.”
and LSA-C.C.P. Art. 2131 provides:
“If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive.”
These articles, of course have been the fountainhead of a wealth of jurisprudence, the greater part of which may be summarized as follows, to-wit:
“Where record contained neither transcript of testimony nor agreed statement of facts entered into by parties nor narrative of facts by trial court and where clerk of court was not requested by either party to take down in writing the testimony of witnesses, omission of transcript of testimony or narrative of facts from record was imputable to appellant and appeal was therefor dismissed as there was nothing in record for Court of Appeal to review. Omaha Steaks Intern. v. Progressive Motor Hotel, 212 So.2d 558 ([La.App.] 1st Cir. 1968)”
*590 However, as recognized by the court in Hydrotex Industries, Inc. v. Cartwright, 45 So.2d 93 (La.App., 2nd Cir. 1950). (See also Clark v. Richardson, 157 So.2d 325, (La.App., 3rd Cir. 1963) (Opinion by the then Judge Tate), this general proposition is subject to a very significant exception. In Williamson v. Enterprise Brick Co., Inc., 190 La. 415, 182 So. 556, the Supreme Court of Louisiana stated in effect that while the Court must dismiss the appeal when the correctness of the judgment appealed from depends upon the verbal testimony that was heard and no transcript or narrative of facts is present in the record, the converse is also true, that is, where the correctness of the judgment does not depend on the testimony heard, the appeal does not necessarily have to be dismissed, but should be adjudged.
In Clark v. Richardson (supra) the Court said:
“Although the absence of the oral testimony may not justify the dismissal in limine of the appeal, nevertheless, on a consideration of the merits of the appeal, the appellate court must affirm the trial court judgment if such judgment was founded upon the missing oral testimony.

“This is so because it is presumed that the trial court judgment was rendered upon sufficient evidence and in accordance with law, in the absence of a showing in the record to the contrary.”
Article 2161 of the Louisiana Code of Civil Procedure, as amended by act 531 of the Louisiana Legislature of 1972, now provides:
“An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.”
As the motion to dismiss the appeal was not filed within the three day limitation as provided in Article 2161, the appeal shall not be dismissed, however, we have examined this record and all the exhibits filed and lodged therein and due to the absence of written testimony nor signed narrative of facts filed in the record as required by law we must presume that the Trial Court’s judgment was rendered upon sufficient evidence and in accordance with law, in the absence of a showing in the record to the contrary.
For the above and foregoing reasons, the judgment appealed from is affirmed at appellant’s costs.
Judgment affirmed.