375 So.2d 157 (1979)
Succession of Effie Dexter ARNOLD.
No. 13887.
Court of Appeal of Louisiana, Second Circuit.
August 27, 1979.
Writ Refused October 26, 1979.
Brown, Wicker & Lee by Ralph J. Wicker, Monroe, for petitioner-appellant.
Carey J. Ellis, Jr., Rayville, for respondent-appellee.
Before BOLIN, PRICE and MARVIN, JJ.
PRICE, Judge.
Effie Dexter Arnold died on January 4, 1976, in Ouachita Parish, leaving no forced heirs. Her intestate succession was opened and her collateral heirs were placed in possession of her estate. Subsequently plaintiff, a distant cousin who was raised in the decedent's household, filed this suit seeking to set aside the judgment of possession and to probate a statutory will executed by the deceased. She further sought to be placed *158 in possession of the estate according to the terms of the will. The trial court rejected plaintiff's demands finding the will invalid because the testatrix was unable to read and therefore lacked the capacity to execute a statutory will under La.R.S. 9:2443.[1] Plaintiff appeals and we reverse.
Ability to read is properly classified as a matter of testamentary capacity for purposes of determining the validity of a statutory will. Succession of Kite, 366 So.2d 602 (La.App. 3d Cir. 1978); Succession of Glynn, 167 So.2d 533 (La.App. 4th Cir. 1964). Our jurisprudence is well settled that testamentary capacity is always presumed and the burden is on the party attacking the validity of the will to prove a lack of capacity at the time the will was drawn. Succession of Spatafora, 239 La. 326, 118 So.2d 427 (1960); Succession of Patterson, 329 So.2d 925 (La.App. 2d Cir. 1976); Succession of Zinsel, 360 So.2d 587 (La.App. 4th Cir. 1978). Furthermore, the degree of proof required to overcome the presumption of capacity is similar to that required in criminal cases, namely, any reasonable doubt must be resolved in favor of the validity of the will. Succession of Patterson, supra; Succession of Lambert, 185 La. 416, 169 So. 453 (1936); Succession of Mithoff, 168 La. 624, 122 So. 886 (1929).
Consequently, the sole issue is whether the defendants as opponents of the will have met this burden of proof with regard to the testatrix's alleged inability to read. Plaintiff contends the trial court erred in finding this burden was met. We agree.
The testimony presented by defendants' witnesses indicated the deceased had almost no formal education. Several of her friends stated she always declined to read aloud at Sunday school meetings, and one witness testified she had once declined membership in a social club due to her inability to read. None of the defendants' witnesses ever saw the deceased read. One of her close friends, who was related to her by marriage, testified the deceased did not subscribe to a newspaper, and that she had once been asked by the deceased to read a newspaper article to her. Most of these witnesses knew the decedent in the earlier part of her life.
On the other hand, the testimony of witnesses presented by plaintiff indicated the decedent did have at least some reading capabilities. These witnesses knew the decedent during the last two decades of her life. Decedent's will was made sixteen years before her death.
According to this testimony, decedent maintained a checkbook and handled her own financial affairs. She kept a personal telephone and address book with entries for family and friends. The deceased had a driver's license and occasionally made out-of-town trips with no apparent confusion. She kept neighbors and friends appraised of sales at local stores that were advertised by flyers delivered to her home. She needed no assistance reading labels or prices when shopping. One close friend testified he frequently saw the deceased looking at newspapers and church literature as if she were reading. Plaintiff testified that the deceased would get notes from her employer concerning her duties. She further testified the deceased did subscribe to a daily newspaper and commented on advertisements that interested her. The deceased also once recognized a judicial advertisement in the newspaper naming her as administratrix of the succession of a relative and saved the article for future reference.
Under these circumstances, we do not find defendants have shown beyond a reasonable doubt that the testatrix was unable to read. Had defendants' burden of proof been merely a preponderance of the evidence, the result might be different since much of the testimony offered on behalf of plaintiff came from interested witnesses. *159 However, we find the evidence creates a reasonable doubt as to whether the testatrix was able to read, and having to resolve this doubt in plaintiff's favor, we find the will to be valid.
For the foregoing reasons, the judgment is reversed, and the case is remanded to the lower court for further proceedings consistent with the views expressed herein.
NOTES
[1] Before the amendment of La.R.S. 9:2442 by Act 333 of the 1976 Regular Session the statutory will could only be utilized by persons who were able to read. See La.R.S. 9:2443. This amendment now enables a person who can neither read nor write to nevertheless utilize a statutory will if it is executed before a notary and three competent witnesses, and the other formal requisites of La.R.S. 9:2442(B) are complied with.