WATKINS, Judge.
The present matter was presented in the form of a rule to show cause why the will of Mrs. Willie Warner Hoover should not be admitted to probate. After a rather lengthy contradictory trial in which all heirs and legatees were represented, the rule was made absolute and the will was found to be proved. Defendants in rule appealed, and we affirm.
The will was in the form permitted for the execution of a statutory will by one who can read (which at the time of the execution of the will, 1973, was the sole form for a statutory will. — see LSA-R.S. 9:2442 as it stood before amendment). There is ample evidence in the record to show that Mrs. Hoover could write letters and sign checks and we, therefore, conclude that she could read. The notary who signed the will had died, and the two witnesses to the execution of the will were called. Defendant in rule, appellant, contends that the will was not in proper form because (1) the will was not read aloud in the presence of the testatrix, and the subscribing witnesses, and (2) one of the two subscribing witnesses could not remember at the trial on the rule that Mrs. Hoover had declared the document to be her last will and testament. The first contention is without merit, as the statute does not require that the will be read aloud in the presence of the testator (-rix) and the two witnesses, and, furthermore, there is testimony that the notary read the will aloud to the testatrix either before or after witnesses arrived. The second contention is also without merit, as LSA-C.C.P. art. 2887 (as amended by La. Act No. 475 of 1970, Sec. 1) merely requires that the notary and one subscribing witness, or the two subscribing witnesses, testify that a will confected in accordance with LSA-R.S. 9:2442 was signed by the testator (-rix). The testimony of the two subscribing witnesses is clear and unchallenged that the will was signed by the testatrix.
Appellant (defendant in rule) also contends that Mrs. Hoover lacked testamentary capacity at the time the will was executed. Testamentary capacity is presumed, and the degree of proof required to overcome the presumption of testamentary capacity is similar to that required in criminal cases to remove the presumption of innocence, that is, any reasonable doubt must be resolved in favor of the validity of the will. Succession of Brown, 251 So.2d 465 (La. App. 1st Cir.1971), Succession of Bush, 292 So.2d 915 (La.App. 1st Cir.1974) writ refused 294 So.2d 837 (1974). The trial court applied this test correctly, and concluded that the opponent of the will (defendant in rule) fell “ . . . far short of establishing beyond a reasonable doubt that Mrs. Hoover was not sufficiently sound of mind to fully understand the testamentary act and appreciate its effects.” We have carefully read and examined the record, including the depositions “Jand other exhibits, and we find that the trial court was correct in finding that defendant in rule fell far short of meeting the test.
The judgment of the trial court making the rule absolute is, therefore, affirmed, at appellant’s cost.
AFFIRMED.