391 So.2d 944 (1980)
In the Matter of the SUCCESSION OF Woodrow U. LITTLETON.
No. 14358.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1980.
*945 Truett West, Farmerville, for defendant-appellant.
Pipes & Pipes by Richard R. Pipes, Monroe, for plaintiff-appellee.
Before PRICE, JASPER E. JONES and FRED W. JONES, Jr., JJ.
JASPER E. JONES, Judge.
Plaintiff, Dorothy Mae Littleton Wittner, appeals a judgment rejecting her action to annul the probated testament of decedent, Woodrow U. Littleton. We affirm.
Woodrow Littleton died on April 24, 1979. He left a will executed under LSA-R.S. 9:2442, which his second wife and widow, Jane Davis Littleton, petitioned to have probated. After the will was probated, plaintiff, decedent's only child, sued to have the will annulled on the grounds that decedent could not read, and therefore the will was invalid.
Testimony of several witnesses was heard by the trial court, but there was no transcription made of their testimony. Neither was there a narrative of fact agreed upon by the parties, pursuant to LSA-C.C.P. art. 2131. Neither party filed a motion to dismiss the appeal. Because of the lack of a record for us to review, we must address this issue.
The trial judge rejected plaintiff's demand to annul the testament because plaintiff did not prove beyond a reasonable doubt that testator could not read. The only assignment of error contained in plaintiff's brief is that the Second Circuit case of Succn. of Arnold, 375 So.2d 157 (La.App.2d Cir. 1979), upon which the trial judge relied to determine the burden of proof which plaintiff was required to satisfy in order to be entitled to annul the testament, is wrong for the reason that the ability to read is not *946 an element of testamentary capacity. Plaintiff does not complain about the sufficiency of the evidence supporting the lower court's decision, but only that the standard of proof required by the Succn. of Arnold, and applied by the trial judge, is wrong. Plaintiff acknowledges that testamentary capacity is presumed and litigants who seek to establish that it does not exist must prove it beyond a reasonable doubt but here contends that inability to read is not an element of testamentary capacity, and for that reason only proof of it by a preponderance of evidence is necessary.
Plaintiff's only assignment of error is set forth as follows in her brief:
"This appeal is founded upon the strongly held conviction of appellant's counsel that the Appellate Court was wrong in that case. The error complained of in the instant case is the error of the Second Circuit Court of Appeal in Succession of Arnold [375 So.2d 157 (2d Cir. 1979)].
In the cited case the Appellate Court had fo [sic] consideration a similar situation to that here presented. The court there set forth the nature of the burden of proof that is on the party seeking to invalidate a statutory will on the basis of the inability of the testator to read. The court said:
`Ability to read is properly classified as a matter of testamentary capacity for purposes of determining the validity of a statutory will.'
It is respectfully suggested that the Appellate Court erred in such reasoning, and that in following the holding of the Court of Appeal the Trial Court erred in this case."
Since this assignment of error is the only one complained of by plaintiff on appeal and since it is addressed to a question of law and not of fact, lack of a transcript is not fatal to the appeal. Succn. of Seals, 243 La. 1056, 150 So.2d 13 (1963); Ammon v. Brown, 273 So.2d 588 (La.App. 1st Cir. 1973); Succn. of Walker, 288 So.2d 328 (La. 1974).
Plaintiff's statutory will was made before a notary and two witnesses in the manner provided for the statutory will at the time of its creation by Act. No. 66 of the 1952 Legislature. Act. No. 66 specifically set forth that "Those who know not how or are not able to read cannot make dispositions in the form of the will herein provided for." This provision of Act No. 66 was incorporated in LSA-R.S. 9:2443 where it remained until deleted by Act. No. 241 of the 1979 Legislature. The reason for elimination of the blanket requirement of the ability to read as an element of testamentary capacity to make a statutory will is that the legislature by Act No. 333 of 1976 amended LSA-R.S. 9:2442 to provide a form of statutory will which a person who could not read was qualified to make. LSA-R.S. 9:2442, following the 1976 amendment, read:
"§ 2442. A. Except as provided in Subsection B, the statutory will shall be in writing (whether typewritten, printed, mimeographed, or written in any other manner), and shall be executed in the presence of a notary and two competent witnesses not otherwise disqualified under Articles 1591 and 1592 of the Civil Code, shall be dated, and shall be made in the following manner:
(1) In the presence of the notary and both witnesses the testator shall signify to them that the instrument is his will and shall sign his name at the end of the will and on each other separate sheet of the instrument. If the testator is not able to sign his name because of some physical infirmity, he must so declare or signify to the notary in the presence of the witnesses as well as declare and signify the cause that hinders him from signing, and shall then affix his mark in the places where his signature is required. Express mention of the testator's declaration or signification and of the cause that hinders him from signing his name must be made in the act.
(2) The foregoing facts shall be evidenced by a declaration signed by the notary and both witnesses in the presence of the testator and of each other in the following form or a form substantially similar thereto: `Signed on each page (or if not *947 signed by the testator, the statement of his declaration or signification that he is not able to sign his name and of the physical cause that hinders him from signing), and declared (or signified) by testator above named, in our presence to be his last will and testament, and in the presence of testator and each other we have hereunto subscribed our names on this ____ day of ____, 19 ____.'
B. When the testator is blind or does not know how or is not able to read, the statutory will shall be in writing (whether typewritten, printed, mimeographed, in braille, or written in any other manner), and shall be executed in the presence of a notary and three competent witnesses not otherwise disqualified under Articles 1591 and 1592 of the Civil Code, shall be dated, and shall be made in the following manner:
(1) The will shall be read aloud in the presence of the testator, the notary and the witnesses and the notary and/or witnesses not reading the will aloud, shall follow the reading on copies of the will.
(2) After the reading and in the presence of the notary and the three witnesses the testator shall signify to them that the instrument is his will and shall sign his name at the end of the will and on each other separate sheet of the instrument. If the testator is not able to sign his name he must so declare and signify to the notary in the presence of the witnesses as well as declare and signify the cause that hinders him from signing, and shall then affix his mark in the places where his signature is required. Express mention of the testator's declaration or signification and of the cause that hinders him from signing his name must be made in the act.
(3) The foregoing facts shall be evidenced by a declaration signed by the notary and the three witnesses in the presence of the testator and of each other in the following form or a form substantially similar thereto: `Read aloud in the presence of the testator and of each other, such reading having been followed on copies of the will by notary and/or witnesses, not reading the will aloud, signed on each page (or if not signed by the testator, the statement of his declaration or signification that he is not able to sign his name and of the cause that hinders him from signing), and declared (or signified) by testator above named, in our presence to be his last will and testament, and in the presence of testator and each other we have hereunto subscribed our names on this ____ day of ____, 19 ____.'"[1]
This statutory will form for a person who cannot read, as set forth in LSA-R.S. 9:2442(B), requires three witnesses and a notary to be present when the will is executed. It requires the will to be read aloud and in the presence of the testator, notary and witnesses. The form further requires that "the notary and/or witnesses not reading aloud, shall follow the reading on copies of the will."
If one cannot read, by complying with LSA-R.S. 9:2442(B), he may execute a valid statutory will. However, if one lacks the ability to read, he does not have the capacity to execute a will under LSA-R.S. 9:2442(A), for the ability to read is an element of testamentary capacity for this form of will. The form provided for the illiterate contains protections to assure that the testator's intent is incorporated in the will even though the testator cannot read it. It must be read aloud to him, and others who are required to sign it must follow the reading of the will on copies provided for them.
Plaintiff's argument that this court erred in Succn. of Arnold, supra, by denominating the ability to read a requirement of testamentary capacity for a statutory will in the form used by decedent is fallacious because the pertinent legislative history referred to clearly establishes that the ability to read is an element of testamentary *948 capacity for the use of the statutory form where only two witnesses and a notary is required and where no reading aloud of the will is required. There are appellate decisions so holding other than Arnold, supra. See Succn. of Glynn, 167 So.2d 533 (La.App. 4th Cir. 1964); Succn. of Kite, 366 So.2d 602 (La.App.3d Cir. 1978); Succn. of Hoover, 385 So.2d 351 (La.App. 1st Cir. 1980). The burden of proof placed upon opponents of a will who attempt to show lack of testamentary capacity is proof beyond a reasonable doubt. Guidry v. Hardy, 254 So.2d 675 (La.App.3d Cir. 1971). Testamentary capacity is presumed, and this standard of proof is placed on one opposing a will on the grounds of lack of testamentary capacity. Succn. of Spatatora, 239 La. 326, 118 So.2d 427 (1960); Succn. of Zinsel, 360 So.2d 587 (La.App. 4th Cir. 1978). As ability to read is an element of testamentary capacity and as the burden of proof in matters of testamentary capacity is proof beyond a reasonable doubt, it follows that the burden of proof to show inability to read is proof beyond a reasonable doubt.
This proof beyond a reasonable doubt in matters of testamentary capacity has been likened to that required in criminal cases to overcome the presumption of innocence. Succn. of Patterson, 329 So.2d 925 (La. App.2d Cir. 1976); Succn. of Herson, 127 So.2d 61 (La.App. 1st Cir. 1961).
This standard of proof, stronger than a mere preponderance of the evidence, is what the lower court applied in this case. We find no error in the long line of jurisprudence which so holds and no error in the trial judge's application of this standard.
Judgment is AFFIRMED at appellant's cost.
NOTES
[1] We note that Act No. 744 of the 1980 Legislature, inter alia, amended LSA-R.S. 9:2442 to specifically provide that a testator who knows not how to read may not execute a statutory will before a notary and two witnesses.