430 So.2d 1126 (1983)
In the Matter of the SUCCESSION OF Jimmy LEE.
Minnie Lee SABEAN, Provisional Administratrix of the Succession of Jimmy Lee
v.
Charlie LEE.
Nos. 82 CA-0271, 82 CA-0272.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
Rehearing Denied May 20, 1983.
*1127 Floyd J. Falcon, Jr., Baton Rouge, and Edwin Schilling, Jr., Amite, for Minnie Lee Sabean, Fannie McWhinney, Willie Drury and Charlie Lee.
Tom H. Matheny, Hammond, for Minnie Lee Sabean, Fannie McWhinney, Willie Drury, Cassen Lee, Frances Saurage & Ida Deloris Roberts.
James A. Dukes, Hammond, for Susan Kain.
Before PONDER, SAVOIE and CRAIN, JJ.
PONDER, Judge.
Defendants appealed the judgment holding invalid the will of Jimmy Lee and the purported sale of property to Charlie Lee.
The issues on appeal are 1) the ability of the deceased, Jimmy Lee, to read and write; 2) the existence of any consideration for the property in question; and 3) lesion.
By a recorded authentic act dated October 31, 1978, Jimmy Lee transferred to his brother, Charlie Lee, sixty-nine acres for a stated consideration of $20,751.00, purportedly paid between August 17, 1961 and December 31, 1972.
Jimmy Lee died in 1979. After Minnie L. Sabean, deceased's sister, was appointed provisional administratrix, she filed suit to have the sale rescinded as being a simulation or lesionary.[1]
*1128 The decedent's statutory will dated January 2, 1965, was probated without notice to the provisional administratrix. Minnie L. Sabean, Fannie L. McWhinney and Willie L. Drury[2] filed suit to annul the will and to have Charlie Lee removed as executor. They alleged among other things that Jimmy Lee could neither read nor write, as required by La.R.S. 9:2443.[3]
The suit to rescind the sale and the suit to annul the will were consolidated. After trial, the judge held in one judgment that both the will and the sale were null and void and that Charlie Lee had not paid any consideration for the property. The defendants appealed.
Appellants first argue that the trial judge erred in finding that the deceased did not meet the requirement of the ability to read and write as prescribed by LSA-R.S. 9:2443 prior to its amendment. Succession of Littleton, 391 So.2d 944 (La.App. 2nd Cir.1980).
Testamentary capacity is presumed. Succession of Littleton, supra. A person attacking a will has the burden of showing the lack of capacity at the time the will was executed and the burden of proof placed on will opponents is proof beyond a reasonable doubt. Succession of Kite, on rehearing, 366 So.2d 602 (La.App. 3rd Cir. 1978), writ denied, 369 So.2d 155 (La.1979). The determination of testamentary capacity is a factual question and the findings of the trial judge are not to be disturbed unless manifestly erroneous. Succession of Wright, 376 So.2d 589 (La.App. 4th Cir. 1979).
The testimony of the attorney who prepared the decedent's will did not affirmatively prove the decedent's ability to read and write, since the attorney dictated the will in the decedent's presence and did not recall asking him if he could read or write. Although the decedent's application for voter's registration in 1953 was introduced, we do not find it to be evidence of the decedent's reading and writing ability, particularly since the application was written by a third party. Other documents that were introduced contained the decedent's signature or his mark. The ability to sign one's name is not necessarily evidence of the physical ability to read.[4]
Although the deposition of Charlie Lee and the testimony of his daughter, Frances Saurage, both indicated that the decedent could read and write, evidently the court chose to believe the contrary testimony of Fannie McWhinney, Willie Drury and Minnie Lee Sabean. Their testimony was supported by evidence of the decedent's bad eyesight from childhood and the facts that the decedent never had a checking account or driver's license, never held a job other than working on his father's farm and raised crops for personal, but not commercial consumption. Except for his signature, no writings by the decedent were introduced.
We find no error in the trial court's factual finding that Jimmy Lee could not read or write. Succession of Arnold, 375 So.2d 157 (La.App. 2nd Cir.), writ denied, 376 So.2d 1267 (La.1979), can be distinguished factually.
Defendants' argument that the trial court erred in concluding that no consideration was paid for the property transferred to Charlie Lee has merit. Not only does the act of sale recite that consideration was received, but Charlie Lee, by deposition before his death, testified that Jimmy Lee lived with him for eleven years, during which time he paid many of the decedent's bills. Charlie Lee testified that the total of his receipts for his brother's bills, at the time of the sale, was $20,751.00.[5] No contradictory *1129 evidence was presented by the plaintiffs.
Under Louisiana Civil Code Article 2236, an authentic act is full proof of the agreement contained in it as against the contracting parties, their heirs and assigns, unless the act be declared and proved a forgery. Only forced heirs have the right to annul by parol evidence the simulated contracts from whom they inherit. La.Civil Code Art. 2239,[6]Sanders v. Sanders, 222 La. 233, 62 So.2d 284 (1952); Succession of Block, 137 La. 302, 68 So. 618 (1915). Plaintiffs are not representing forced heirs.
When a sale of immovable property executed in the form of an authentic act recites that the seller acknowledges receipt of payment of consideration, the act cannot be attacked by a party thereto on the ground that the consideration was not paid unless the attacking party alleges fraud, mutual error or force, or unless the lack of consideration is indicated by answers to interrogatories or requests for admissions of fact. Cordova v. Cordova, 382 So.2d 1050 (La.App. 2nd Cir.1980).
Plaintiffs' petition falls short of alleging mutual error, fraud, or force. No written evidence in the nature of a counter letter was offered.
Since plaintiffs have not shown that the consideration expressed in the act of sale did not exist, the burden of proof does not shift to the defendants, under LSA-C.C. art. 1900, to prove the existence of a true and sufficient consideration.
We find the trial judge erred in concluding that no consideration was given for the property.
In an action for lesion beyond moiety, the vendor must prove by clear and convincing evidence that the price given was less than one-half the value of the thing sold. La.Civil Code Arts. 1861(2).[7] The standard used is the fair market value at the time of the sale. Bisco v. Middleton, 383 So.2d 1047 (La.App. 1st Cir.1980).
Plaintiffs offered the testimony of Mark Haik, who was accepted as an expert in the appraisal of rural property. After finding comparables and making the required adjustments, he concluded that the value of the property on the date of the sale was $950.00 per acre, excluding mineral and timber value.
The comparables used by the appraiser show that he was not using residential values, and although he looked at the property's best use, his appraisal value was based on the comparable sales after adjustment for the above factors. We find that plaintiffs have carried the burden by clear and convincing evidence.
Once lesion is found, the purchaser may either restore the property and take back the price which he has paid or make up the just price and keep the thing. La.Civil Code Art. 2591.[8] If the defendants elect to keep the property, they must make up the difference between the purchase price and the true value of the property plus interest thereon from the date of the suit. La.Civil Code Art. 2592.[9] If the defendants *1130 elect to rescind the sale, the plaintiff must pay to the defendants the amount paid for the property plus interest from the date the suit was filed.
For the foregoing reasons, the trial court judgment declaring the will of Jimmy Lee null and void is affirmed. The judgment declaring the sale of the property a simulation is reversed.
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Minnie Lee Sabean decreeing the true value of the property sold to Charlie Lee by act of cash sale recorded in COB 465, page 819, of the records of Tangipahoa Parish, Louisiana, be $950.00 per acre or $65,550.00. This property is described as follows:
TRACT 1. A certain tract or parcel of land in Section 20, T4S, R9E, containing 40 acres, more or less, bounded now or formerly as follows, to-wit: North by lands of Cutting Pike, Inc. and C. Reiger, west by Bede Husser, east by Felix Baham, Jr., south by Tract 2 hereinafter described, LESS AND EXCEPT 10 acres sold per deed of record in COB 198, page 34, described as North ½ of South ½ of NW ¼ of SW ¼ of Section 20, T4S, R9E, Tangipahoa Parish, Louisiana.
TRACT 2. A certain tract or parcel of land containing 40 acres, more or less, bounded now or formerly as follows, to-wit: North by Tract 1 hereinabove described, east by Felix Baham, Jr., south by Willie Husser and Elmer O. Fortinberry, Sr., west by Leon Husser, and being in Section 20, T4S, R9E, LESS AND EXCEPT a one acre tract sold per deed in COB 231, page 80, described as beginning at a point 6.135 chains east and 0.97 chains north of the northwest corner of the SW ¼ of SW ¼, thence south 3.16 chains, thence east 3.16 chains, thence north 3.16 chains, thence west 3.16 chains, to point of beginning.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the sale is subject to being invalidated and rescinded for lesion.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendants shall be granted a period of time to be set by the trial court within which to elect either to rescind the sale or to have it confirmed by paying full value in accord with La.Civil Code Arts. 2591 and 2592.
Costs of this appeal are assessed equally against plaintiffs and defendants.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
NOTES
[1] Prior to trial, Charlie Lee died and Cassan Lee, Francis Ray Saurage and Ida Roberts were substituted as party defendants.
[2] These parties are the remaining sisters of the deceased.
[3] The legislature has since amended LSA-R.S. 9:2443 to provide a form of statutory will for a person who cannot read.
[4] See Succession of Kite, supra. We also note that Willie Drury testified that although she could sign her name and sign a check, she was unable to read or write a letter.
[5] After Charlie Lee's death prior to trial, his family was unable to locate the receipts.
[6] La.Civil Code Art. 2239:

Counter letters can have no effect against creditors or bona fide purchasers; they are valid as to all others; but forced heirs shall have the same right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, and shall not be restricted to the legitimate [legitime].
[7] La.Civil Code Art. 1861(2):

The law, however, will not release a person of full age, and who is under no incapacity, against the effect of his voluntary contracts, on account of such implied error or imposition, except in the two following cases:
* * * * * *
2. In sales of immovable property, the vendor may be relieved, if the price given is less than one-half of the value of the thing sold; but the sale can not be invalidated for lesion to the injury of the purchaser.
[8] La.Civil Code Art. 2591:

If it should appear that the immovable estate has been sold for less than one-half its just value, the purchaser may either restore the thing and take back the price which he has paid, or make up the just price and keep the thing.
[9] La.Civil Code Art. 2592:

Should the purchaser prefer to keep the thing by making up the just price, he must pay the interest of the additional price from the day when the rescission was demanded. If he chooses rather to restore the thing and to receive the purchase money, he shall be liable to restore the fruits of the estate from the day of the demand, but the interest of his money shall also be paid to him from the same time.