470 So.2d 994 (1985)
Cecil R. WEBB
v.
STATE of Louisiana Through DEPARTMENT OF TRANSPORTATION & DEVELOPMENT.
No. CA 84 0431.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
*995 Edwin Woodman, Jr., Baton Rouge, for plaintiff.
Bryan Miller, Office of Gen. Counsel, Dept. of Transp. & Development, Baton Rouge, for defendant.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON, JJ.
LOTTINGER, Judge.
This case involves an action to rescind a sale of real estate on the grounds of lesion beyond moiety. From a judgment denying rescission of the sale, plaintiff appeals.

FACTS
The facts are not in dispute. On March 18, 1975 plaintiff and defendant entered into a voluntary act of sale in which plaintiff conveyed to defendant a .255 acre strip of land for a fee of $870.00. The property was acquired in furtherance of a state highway project, and constituted a strip of land across the entire front of plaintiff's property.
On September 8, 1978, plaintiff filed the present suit seeking rescission of the sale on the grounds of lesion beyond moiety alleging that he was grossly undercompensated for what was sold. The trial judge declined to rescind the sale, and plaintiff now appeals.

ASSIGNMENTS OF ERROR
Plaintiff assigns the following as errors committed by the trial court:
(1) The trial court erred in not recognizing "damages" as immovable property rights inherent in acquisitions involving entities having powers of condemnation.
(2) The trial court erred in ruling that lesion beyond moiety is inapplicable to the present case.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
In his two assignments of error, plaintiff contends that the sale to defendant caused plaintiff's remaining property to suffer severance damages in the form of diminution of value. Furthermore, plaintiff contends that under the terms of the sale, he was to be compensated not only for the property, but also for any and all diminution in value to his remaining property, and that he was not adequately compensated for all such diminution. Plaintiff further alleges that the diminution in value to his remaining property gave rise to a right to damages, which right was an immovable property right and sold to defendants. However, as the argument goes, plaintiff was grossly undercompensated for this immovable right and entitled to have the entire sale rescinded on grounds of lesion beyond moiety.
The act of sale, in addition to providing the purchase price and describing the property sold, set forth the following as one of the terms of the sale:
Vendor acknowledges and agrees that the consideration provided herein constitutes full and final payment for the property hereby conveyed and for any and all diminution in the value of Vendor's remaining property as a result of the transfer of this property for highway purposes.
*996 As can be seen, plaintiff was compensated for two separate things: (1) the actual property which was sold, and (2) any and all diminution to plaintiff's remaining property. It is the latter aspect of this sale for which plaintiff contends he was undercompensated and entitles him to rescission. Whether such a sale is entitled to rescission for lesion beyond moiety appears to be an issue which is res nova in Louisiana.
Recission of a sale of an immovable on the grounds of lesion beyond moiety is a remedy afforded for an injury suffered by a seller who does not receive a full equivalent for the value of the immovable sold. The remedy is based on La.Civ.Code art. 2589 which, provides as follows:
If the vendor has been aggrieved for more than half the value of an immovable estate by him sold, he has the right to demand the rescission of the sale, even in case he had expressly abandoned the right of claiming such rescission, and declared that he gave to the purchaser the surplus of the thing's value.
The burden of proof on the vendor is a strict one, in that he must prove by clear and convincing evidence that the price given was less than one-half (½) of the value of the immovable. Succession of Lee, 430 So.2d 1126 (La.App.1st Cir.1983). The standard used in determining the value of the immovable is the fair market value at the time of the sale. id.
However, lesion beyond moiety is not available to rescind a sale of every type of immovable. In Wilkins v. Nelson, 155 La. 807, 99 So. 607 (1924), our Supreme Court stated:
There are three classes of immovables: immovables by nature, immovables by destination, and immovables by the disposition of the law. When article 1862 [and 2589] of the Code restricted the action of lesion to immovables, it meant immovables which are such by their nature and not such as are made immovable by disposition of the law. This is made manifest by the special inclusion with the immovable by nature all immovables by destination, and the implied exclusion of all immovables made such by disposition of the law. We hardly think that the language of article 1862 [and 2589] can be so construed as to extend the action of lesion to every real or incorporeal right and to every character of intangible property made immovable by the disposition of the law.
See also: Dunckelman v. Central Louisiana Electric Company, Inc., 291 So.2d 914 (La.App. 3d Cir.1974), writ refused 294 So.2d 827 (La.1974); Yiannopoulos, Property § 100 in 2 Louisiana Civil Law Treatise 304 (1980). Under this line of jurisprudence, a sale of an incorporeal immovable is not subject to rescission on the grounds of lesion beyond moiety.
Corporeal things are things that have a body, whether animate or inanimate and can be felt or touched. La.Civ.Code art. 461. Incorporeals are things that have no body, but are comprehended by the understanding, such as rights of inheritance, servitudes, obligations, and right of intellectual property. id. Rights and actions that apply to immovable things are incorporeal immovables. La.Civ.Code art. 470.
As can be seen, plaintiff was compensated both for a corporeal thing, the property, and an incorporeal thing, the diminution in value to his remaining property. The latter, being incorporeal in nature, is insusceptible of a claim of lesion beyond moiety. As to the former, we must determine if the price paid for the property was less than one-half (½) the value of the property at the time of the sale.
At trial, both plaintiff and defendant introduced the testimony and report of expert appraisers. Plaintiff's expert testified that the property at the time of the sale was worth $540.00. Defendant's expert assessed a value of $870.00 for the property at the time of the sale. The purchase price was $870.00, which as previously mentioned, was full payment for the property and for any and all diminution in value to plaintiff's remaining property. Plaintiff did not introduce any evidence to *997 establish how much of this was actually for the property, and how much, if any, was for diminution damages. As such, he failed in his strict burden of proof, and the trial court was correct in denying to rescind the sale for lesion beyond moiety.
For the above and foregoing reasons, the judgment of the trial court is affirmed at plaintiff-appellant's costs.
AFFIRMED.