WICKER, Judge.
The trial judge ruled in plaintiffs' favor in this suit for a rescission for lesion beyond moiety. Plaintiffs appeal and ask for an award of additional damages for alleged diminution in value to adjacent property (severance damages). We affirm.
The plaintiffs (Zeringue and Hymel) were owners of tracts of land in St. John the Baptist Parish consisting of batture as well as other land on the other side of the levee and road. This land was required for the construction of the Mississippi River Bridge at Gramercy. The Department of Transportation, by letter, offered to purchase part of plaintiffs’ batture land. The letter informed plaintiffs that failure to agree on a purchase price would result in expropriation proceedings. Zeringue accepted an offer of $8,873.00 and Hymel an offer of $9,135.50 for their entire battures. The Act of Sale executed by the parties recited that the consideration included any diminution in value of plaintiffs’ remaining property.
Plaintiffs brought suit to rescind the sale for lesion beyond moiety. L.S.A.-C.C. Art. 2589. Following the trial, with both plaintiffs and the Department of Transportation presenting the opinions of appraisers on valuation, the court rendered judgment in *1153 favor of plaintiffs valuing the Zeringue property at $24,375.00 and the Hymel property at $23,078.00. It found plaintiffs had sold their batture for less than one-half its value, and it awarded them the difference between the purchase price and the fair market value of the property: $15,502.00 and $13,942.00, respectively. It also awarded costs and expert fees. However, it denied to plaintiffs any compensation for an alleged diminution in value of their remaining property, which now had no bat-ture attached to it.
The taking of private property is an issue of constitutional dimension. Louisiana Constitution Article 1, Section 4 provides that “Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into the court for his benefit.” The Fifth Amendment of the United States Constitution also requires just compensation for property taken for public use. U.S. v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1943).
However, in the instant case, the evidence shows that plaintiffs received just compensation.
The trial judge accepted the testimony of J. Bradley Oubre, plaintiffs’ expert appraiser, who concluded that the Zeringue and Hymel battures were worth $24,374.52 and $23,077.87, respectively. Oubre, in reaching this conclusion, used two factors to value the property: comparable sales of batture land and capitalization of leases of batture land. In the first instance he used a range of comparables from $200.00 to $300.00 per linear (front) foot of batture. In the second, he determined the average lease capitalization to be $216.00 per linear foot.[1]
In each instance we find that Oubre’s determination of value already included an amount sufficient to compensate for diminution in value of plaintiffs’ severed land.
The sales of comparable batture, for purposes of appraisal, were assumed to be between willing and knowledgeable buyers and sellers. We can further assume that a willing and knowledgeable seller would not sell his batture land for a price less than sufficient to compensate him for the lost value of his now severed remaining property. In like manner, leases of batture between willing and knowledgeable lessors and lessees would represent full, fair market value to the lessor, taking into consideration the decreased value of his remaining property as a result of its severance from the batture. Consequently, plaintiffs have been awarded by the judgment the fair market value of their batture. Bisco v. Middleton, 383 So.2d 1047 (La.App. 1st Cir.1980).[2] We therefore affirm this decision. The Department of Transportation and Development has the option of paying the judgment and keeping the batture or of returning the land and taking back the price already paid. L.S.A.-C.C. art. 2591; Montegut v. Davis, 473 So.2d 73 (La.App. 5th Cir.1985); Rogers v. Read, 355 So.2d 46 (La.App. 2d Cir.1978).
Appellants are to pay the costs of this appeal.

AFFIRMED

. "Lease capitalization” involves determining the value of property according to the revenue it produces.

. The parties have asked this court to address the applicability of the First Circuit case of Webb v. State through Dept. of Transp. and Dev., 470 So.2d 994 (La.App. 1985) writ denied 476 So.2d 357 (La.1985). However, the issue before that court was a different one. Plaintiff Webb appealed the denial of rescission for lesion beyond moiety. In order to show lesion, Webb attempted to cumulate the value of his property sold with severance damages to his remaining property. The expert testimony relied upon by Webb was simply insufficient to prove he sold his property for less than half its value.