UGONZALES, Judge.
This is an action to contest the validity of a will in a succession first believed intestate. Mr. Victor J. Barranco died on January 27, 1988. At his death he was divorced and had no children. Mr. Barranco resided with his former wife, Norma Penton Ferguson, and her son, Samuel Ferguson, for the seven years prior to his death. Mr. Barranco’s main asset at death was a one-fourth interest in his family home located in New Orleans’ French Quarter. His three surviving brothers, Vincent, Guy and Angelo Barranco, owned the remaining interest in the family home.
HISTORY OF THE CASE
Samuel Ferguson filed a petition on May 20, 1988, contending that he was the adopted son of Mr. Barranco and asking that he be appointed administrator of Mr. Barranco’s succession.[2] On that same day, the trial court signed an order appointing Samuel Ferguson administrator of the succession. On May 27, 1988, two of Mr. Barranco’s surviving brothers, Vincent and Guy Barran-co, filed an answer and opposition to the appointment of Samuel Ferguson as administrator of the succession. On August 22, 1989, Vincent and Guy Barranco filed a motion, to remove Samuel Ferguson as succession administrator and a motion to be substituted as joint administrators of the succession.
On November 7, 1989, the trial court dismissed the motion for removal of Samuel Ferguson as administrator of the succession and, further, decreed that the adoption by notarial act of Samuel Ferguson by Mr. Bar-ranco was null and void. There was no ruling on Vincent and Guy Barranco’s motion *710 to be appointed co-administrators of the succession.
| ¡¡Vincent and Guy Barranco appealed the November 7, 1989 judgment. This court, in an unpublished opinion, CA 90 9379, dated May 16, 1991, reversed the trial court judgment which upheld the appointment of Samuel Ferguson as administrator of the succession and remanded the case to the trial court so that it could rule on Vincent and Guy Barranco’s motion to be appointed co-administrators of the succession.
On December 8, 1992, Vincent and Guy Barranco filed another motion to be appointed co-administrators of Mr. Barranco’s succession, along with a rule to show cause why they should not be appointed co-administrators of the succession. On January 8, 1993, Norma Ferguson filed a petition for probate of a statutory will dated January 28, 1987, and a rule to show cause why the will should not be probated and why Norma Ferguson should not be appointed succession representative. The petition alleged that Mr. Barran-co left a last will and testament which, “as properly construed,” left all of his interest in the New Orleans property to Norma Ferguson. On February 11,1993, Vincent and Guy Barranco filed an opposition to the petition for probate and the appointment of succession representative, along with a request for sanctions.[3] At the hearing on February 16, 1993, the parties submitted a joint exhibit, consisting of the transcript from the hearing on the validity of the adoption, which contained testimony pertaining to Mr. Barran-co’s ability to read and write. The trial court took the matter under advisement.
By judgment dated March 23, 1994, the trial court declared the January 28, 1987 will to be valid; decreed Norma Ferguson to be the universal legatee of Mr. Barranco’s will and appointed her as representative of Mr. Barranco’s succession; and, further, dismissed Vincent and Guy Barranco’s petition to be appointed co-administrators of the succession. Vincent and Guy Barranco are appealing that judgment. They make the following assignment of error:
The trial court erred in placing the burden of proof upon the appellants regarding the validity of the will issue and in applying an improper standard of proof in deeid-ing|4this issue and in finding the contested document valid. Thus, the trial court erred in dismissing the petition of the appellants requesting to be named as co-administrators of the estate.
The appellants summarize their argument as follows:
The appellants timely objected to the probate of the 1987 document on three grounds as to improper form: 1) the decedent could not read; 2) the decedent could not write, as such, did not sign the form; and 3) the document failed to name a legatee. The trial court erred in placing the burden of proof on the appellants as to the second objection. The trial court also erred in applying the wrong standard of proof as to the second and third objections. As such, the trial court erred in probating the 1987 document as a valid will. Given the invalidity of the 1987 document, it follows that the trial court erred in denying the appellants’ request to be named co-administrators of the decedent’s estate.
THE CAPACITY ISSUE
The trial court stated in its reasons for judgment in pertinent part:
The testimony regarding Mr. Barranco’s ability to read and write was submitted by a transcript from another proceeding. The proponents of the will testified that the deceased often read the newspaper. Mrs. Ferguson testified that he used to write her letters that were legible to her. He could sign his name but it would be scratchy because his hands shook due to illness. Another witness knew that Bar-ranco could read road signs. However, the brothers of the deceased claim that they never knew him to have written letters, that he used to ask other people to read his letters, and that he left school in the third or fourth grade.
The testator is presumed to be capable, therefore, those who contest the will have the burden of proving by clear and con- *711 vineing evidence that the testator was incapable. (Succession of Lyons, 452 So.2d 1161 (La.l984)[)]. From the cold record of the transcript, they have not borne this burden. They have not proved that the testator did not learn to read and write before he wrote this will. The court finds that Victor Barranco was presumed capable when he executed the 1987 will.
Louisiana Revised Statute 9:2442 provides for statutory wills in part as follows:
A. A statutory will may be executed under this Section only by a person who knows how to sign his name and knows how to and is physically able to read.
B. The statutory will shall be prepared in writing and shall be dated and executed in the following manner:
(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his last will and shall sign his name at the end of the will and on each other separate page of the instrument.
(2) In the presence of the testator and each other, the notary and |sthe witnesses shall then sign the following declaration, or one substantially similar: “The testator has signed this will at the end and on each other separate page, and has declared or signified in our presence that it is his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names this_day of _, 19_”
Mr. Barranco’s will is in the form of a statutory will. It is notarized and signed by two witnesses. If an objection is made to the ex parte probate of a testament, as provided in La.C.C.P. art. 2881, the testament may be probated only at a contradictory trial of the matter. La.C.C.P. art. 2901. The opposition to the petition for the probate of a testament shall comply with La.C.C.P. art. 2972, shall allege the grounds of invalidity of the testament relied on by the opponent, and shall be served upon the petitioner for the probate of the testament. La.C.C.P. art. 2902. At the contradictory trial to probate a testament, its proponent bears the burden of proving the authenticity of the testament, and its compliance with all of the formal requirements of law. La.C.C.P. art. 2903; Succession of Augustus, 400 So.2d 1172, 1174 (La.App. 1st Cir.1981); See Succession of Barbe, 301 So.2d 711, 714 (La.App. 3rd Cir.1974). All of the formal requisites for the confection of a statutory will must be observed, under penalty of nullity. Succession of Rogers, 494 So.2d 546, 548 (La.App. 1st Cir.), writ denied, 495 So.2d 290 (La.1986).
The trial court implicitly found that Mr. Barranco’s will met the statutory requirements of La.R.S. 9:2442. Further, the trial court found that Mr. Barranco was able to read and write[4] at the time he made the statutory will. The determination that Mr. Barranco was able to read and write at the time he made the statutory will is a factual determination which should not be disturbed in the absence of manifest error. See Succession of Kite, 366 So.2d 602, 604 (La.App. 3rd Cir.1978), writ denied, 369 So.2d 155 (La.1979).
It is clear that if one lacks the ability to read, he does not have the capacity to 16execute a will under La.R.S. 9:2442(A), for the ability to read is an element of testamentary capacity for this form of will. Succession of Dorand, 596 So.2d 411, 412 (La.App. 4th Cir.), writ denied, 600 So.2d 661 (La. 1992); Succession of Littleton, 391 So.2d 944, 947 (La.App. 2d Cir.1980).
The appellants argue that, with respect to the decedent’s ability to sign his name, the trial court erroneously applied the same standard of proof as it applied with respect to the testator’s ability to read, and further, that the trial court erroneously placed the burden of proof upon the opponents of the will to prove that the decedent could not sign his name. The appellants state that “No cases have held [that] the inability to write is considered to be an element of testamentary capacity.” However, the ability to sign one’s name has clearly been treated by this court *712 as an element of capacity for this type of statutory will. See Succession of Sullivan, 509 So.2d 844 (La.App. 1st Cir.1987).
The burden of proving lack of testamentary capacity is upon the party alleging it. Succession of Lyons, 452 So.2d 1161, 1164 (La.1984). A party alleging a lack of testamentary capacity must overcome the presumption of capacity by clear and convincing evidence — a burden of proof requiring more than a “preponderance of the evidence” but less than “beyond a reasonable doubt.” Succession of Lyons, 452 So.2d at 1164-1166; Succession of Dorand, 596 So.2d at 412. See Succession of Cahn, 522 So.2d 1160, 1162 (La.App. 4th Cir.), writ denied, 523 So .2d 1339 (La.1988).
The evidence as to Mr. Barranco’s ability to read and sign his name was conflicting. Samuel Ferguson testified that Mr. Barranco was able to read and he had seen him reading the newspaper. Samuel Ferguson further testified that Mr. Barranco had problems reading documents in the last year of his life due to cataracts, but stated that Mr. Barranco was able to read documents at a close distance at the time the will was signed. Norma Ferguson testified that Mr. Barranco was able to read, and had written her letters in the past. Norma Ferguson further testified that about six months prior to Mr. Bar-ranco’s death she began signing the back of checks for him because hej^was nervous and, therefore, unable to sign for himself. Mrs. Gaines, a friend of Norma Ferguson’s, testified that she had seen Mr. Barranco looking at a newspaper, but she could not tell whether he was actually reading it or just looking at it. Both witnesses and the notary to the will signed affidavits attesting that Mr. Bar-ranco declared to them that the document was his last will and testament, and that he signed the will in front of them. Vincent Barranco testified that Mr. Barranco could not read or write, but could scratch out his name slowly. Guy Barranco also testified that Mr. Barranco could not read or write.
The trial court determined that Mr. Bar-ranco had testamentary capacity at the time the will was made and we find no manifest error in that determination.
THE VALIDITY OF THE BEQUEST ISSUE
Mr. Barranco’s statutory will reads in pertinent part:
I. I, Victor J. Barranco, being of lawful age and of sound mind and memory, make this my last will and testament, hereby revoking all wills and codicils I have heretofore made.
II. I was born on June 8, 1919, in New Orleans, Louisiana. I have been married but once and then to Norma Penton Ferguson hereinafter sometimes called Norma, from whom I was divorced in St. Tammany Parish, Louisiana, by Judgment of the 22nd Judicial District Court. Of this marriage no children were born. No children have been born to me nor have I adopted anyone.
III. In the event of my death, I bequeath my entire estate at the time of my death, including that certain property interest that I own in and to that portion of property located at 735 Ursuline, New Orleans, Louisiana.
IV. If Norma should predecease me or if she and I should perish in a common disaster, then I bequeath my entire estate at the time of my death, including that certain property interest that I own in and to that portion of property located at 735 Ursuline, New Orleans, Louisiana, to Samuel Michael Ferguson.
The trial court, in its reasons for judgment found:
As “Norma” was previously mentioned in the will to be Norma [Pjenton Ferguson it is clear that she was meant to be named in paragraph III. Obviously the name of the legatee was left out in that paragraph, but the reference to her in the next paragraph clarifies the omission. The court finds the intent of the testator was to leave his property to Norma Ferguson if she survived him and to Samuel Ferguson if Norma predeceased the testator. This case is factually similar to Carter v. Succession of Carter, 332 So.2d 439 (La. 1976), in which the testator left out the name of the legatee. The court was able to supply the name of the legatee from the language of the rest of the will. The juris *713 prudence is clear when the court has a choice of two interpretations it should interpret the will to favor testacy whenever possible. In this case if the court should strike out paragraph III the whole will would be invalid because there would be no dispositive paragraphs. The court relies on Carter in its determination that Norma Ferguson was the intended legatee in the will.
Based upon his finding that Norma Ferguson was the legatee of the estate, the trial court appointed her succession representative.
The intent of the testator is the paramount consideration in determining provisions of the will. Succession of Williams, 608 So.2d 973, 975 (La.1992). This intention must be determined from the will as a whole, which includes all of the clauses of the will and its codicils. Succession of Hurst v. Gremillion, 552 So.2d 799, 801 (La.App. 1st Cir.1989). It is established that in the interpretation of wills, the first and natural impression conveyed to the mind on reading the will as a whole is entitled to great weight. Carter v. Succession of Carter, 332 So.2d 439, 442 (La.1976). The testator is not supposed to be propounding riddles, but rather to be conveying his ideas to the best of his ability so as to be correctly understood at first view. Id. When the will in the case sub judice is read with these principles serving as a guide to its interpretation, the reader gains the impression that the testator intended to bequeath all things mentioned therein to Norma Ferguson. See Id. It would make no sense to provide for an alternative legatee, Samuel Ferguson, with the words, “[i]f Norma should predecease me or if she and I should perish in a common disaster,” unless Mr. Barranco intended to leave his estate to Norma Ferguson initially. We find no manifest error in the trial court’s interpretation of Mr. Barraneo’s will.
THE APPOINTMENT OF NORMA FERGUSON AS SUCCESSION REPRESENTATIVE
Norma Ferguson, as a legatee of the succession, is best qualified to be the estate’s succession representative. La.C.C.P. art. 3098. Thus, we find no error by the trial court in dismissing Vincent and Guy Barran-eo’s petition to be named cojadministratorsg of the estate.
COSTS
There was a reasonable evidentiary basis for the opposition to probate by decedent’s legal heirs, his brothers, who apparently acted in good faith. We consider it “equitable,” C.C.P. art. 2164,[5] to let the succession bear the costs of a non-officious, reasonably based, good faith opposition to probate.
DECREE
Therefore, for the foregoing reasons, the trial court judgment is AFFIRMED.

. We note that in his petition Samuel Ferguson also stated that he was the stepson of Mr. Bar-ranco. However, the record shows that Samuel Ferguson was bom during Norma Ferguson’s second marriage, subsequent to her divorce from Mr. Barranco. Norma Ferguson and Mr. Bar-ranco did not remarry at a later time; therefore, Samuel Ferguson could not be Mr. Barranco’s stepson.

. The request for sanctions was withdrawn at a hearing on February 16, 1993.

. We note that La.R.S. 9:2442(A) requires only that the testator be able to sign his name, as opposed to the more encompassing requirement that one be able to "write.” The trial court in this case found that Mr. Barranco was able to write, rather than just being able to sign his name.

. La.C.C.P. art. 2164 provides:
The appellate court shall rendered any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.