STATE OF LOUISIANA

COURT OF APPEAL

*JEW*

*-WW*

*JPS*

FIRST CIRCUIT

* * * * * * *

2023 CA 0861

SUCCESSION OF BARBARA BENTON WILLIAMS

JUDGMENT RENDERED: **APR 1 9 2024**

* * * * * * *

Appealed from the Nineteenth Judicial District Court
Parish of East Baton Rouge • State of Louisiana
Docket Number P-109202 • Section 25

The Honorable Wilson E. Fields, Presiding Judge

* * * * * * *

Alicia McDowell
LaPlace, Louisiana

COUNSEL FOR APPELLANT
John H. Williams, Jr.

Frank P. Trosclair, Jr.
Charlotte M. Cravins
Opelousas, Louisiana

COUNSEL FOR APPELLEE
EXECUTOR—Patrick Craven

* * * * * * *

BEFORE: WELCH, WOLFE, AND STROMBERG, JJ.

**WELCH, J.**

In this succession proceeding, John H. Williams, Jr. ("Mr. Williams"), the adult child of the decedent, Barbara Benton Williams ("Mrs. Williams"), appeals a judgment denying and dismissing his opposition to a petition to probate a notarial testament filed by Patrick Craven ("Mr. Craven").[1] Because we find legal errors by the trial court that interdicted and skewed the fact-finding process and because we do not have a complete record to perform a *de novo* review and render judgment on the merits, we vacate the judgment of the trial court and remand with instructions.

## BACKGROUND

Mrs. Williams died on February 27, 2021. At the time of her death, Mrs. Williams was widowed, having been married once and then to John Henry Williams, Sr. Together they had one child, Mr. Williams. Prior to Mrs. Williams' death, she executed two documents purporting to be notarial testaments. The first document was executed on November 15, 2011 ("the 2011 testament"); the other document was executed on July 29, 2020 ("the 2020 testament").

Two days after Mrs. Williams' death, Mr. Craven, a friend of Mrs. Williams and the named executor of her estate according to the 2020 testament, opened these succession proceedings by filing: an affidavit of jurisdiction, death, and heirship; copies of both the 2020 and 2011 testaments; and a petition to probate the 2020 testament. The ex parte order allowing the 2020 testament to be filed, recorded, and executed and confirming Mr. Craven as independent testamentary executor of the

---

[1] The judgment on appeal is an amended judgment signed by the trial court on December 18, 2023. After this appeal was lodged, this Court, on its own motion, issued a rule to show cause why the appeal should not be dismissed because the original judgment lacked appropriate decretal language and was unclear as to whether it was interlocutory in nature or final and appealable. Thereafter, this Court issued an interim order remanding this matter to the trial court for the limited purpose of requesting that the trial court issue an amended judgment correcting these deficiencies and complying with La. C.C.P. art. 1918 and instructing the trial court's clerk of court's office to supplement the record with that amended judgment. The record was subsequently supplemented with the December 18, 2023 amended judgment containing the appropriate decretal language and clarifying that all of Mr. Williams' claims had been dismissed, which was, thus, a final judgment. Accordingly, we maintained this appeal. See **Succession of Barbara Benton Williams**, 2023-0861 (La. App. 1st Cir. 2/1/24) (*unpublished action*).

2

succession of Mrs. Williams was not signed by the trial court. According to the minutes of the trial court, the trial court had questions concerning the status of Mrs. Williams' son (Mr. Williams) and requested that the affidavit of jurisdiction, death, and heirship be amended to include the forced heirship language set forth in La. C.C. art. 1493. In addition, the minutes provided: "The validity of the 2020 [t]estament is at issue. The testator signed on two pages with an 'X'; however, the attestation clause provided in La. C.C. art. 1578 was not followed. Address this issue further." Thereafter, Mr. Craven filed an amended affidavit of jurisdiction, death, and heirship clarifying that Mr. Williams was not a forced heir, as well as an affidavit from the notary public who prepared and notarized the 2020 testament, which explained her reasons for allowing the testament to be executed in the manner that it was.

In response to Mr. Craven's petition to probate the 2020 testament, Mr. Williams filed an opposition pursuant to La. C.C.P. art. 2902.[2] Therein, Mr. Williams asserted that the 2020 testament was invalid as to form because the testament's attestation clause failed to comply with La. C.C. art. 1578, and thus, the 2020 testament was null pursuant to La. C.C. art. 1573. Mr. Williams also asserted that Mrs. Williams lacked testamentary capacity at the time she executed the 2020 testament because she was suffering from dementia.

A hearing on Mr. Williams' opposition was initially scheduled for September 19, 2022; however, it was subsequently rescheduled for October 25, 2022. Mr. Craven then filed an ex parte motion to continue the October 25, 2022 hearing on the basis that a witness, whose "testimony [was] indispensable to ... [Mr.] Craven's

---

[2] Initially, Mr. Williams filed a petition to annul the probated testament, arguing that the 2020 testament was invalid as to form because the testament's attestation clause failed to comply with La. C.C. art. 1578, and thus was null pursuant to La. C.C. art. 1573, and further, that Mrs. Williams lacked testamentary capacity at the time she executed that testament because she was suffering from dementia. In response to the petition to annul, Mr. Craven raised several peremptory and dilatory exceptions, all of which were based on the fact that the 2020 testament had not been probated. Thereafter, Mr. Williams voluntarily withdrew his petition to annul and then filed, in accordance with La. C.C. P. art. 2902, an opposition to the probate of the 2020 testament on the same grounds as the petition to annul.

case and crucial to the just adjudication of [the] matter," was unavailable on October 25, 2022, and requested that the matter be re-set on a date chosen by the trial court in December or January. Mr. Williams subsequently consented to the continuance and provided a list of dates in December 2022 for which his counsel was available. The minutes of the trial court from October 25, 2022 reflect that "[the] matter was continued" and that "[the] [c]ourt [would] review [the] filed order and notify counsel of new date."

Several months later, on February 8, 2023, the trial court signed the order from Mr. Craven's motion, continuing the October 25, 2022 hearing on Mr. Williams' opposition and rescheduling it for March 16, 2023. Mr. Williams was not served with this order re-setting the hearing; rather, a notice of the hearing from the clerk of court, which was dated February 15, 2023, was issued and subsequently received by his counsel on February 28, 2023. Mr. Williams then sought a continuance of the March 16, 2023 hearing because his counsel had a scheduling conflict with a matter previously scheduled in another district court and also because he did not have sufficient time to issue and serve subpoenas for necessary witnesses to appear at the hearing. Mr. Craven opposed the continuance. Therefore, Mr. Williams sought an emergency hearing on the motion to continue; however, the emergency hearing on the motion to continue was set for March 16, 2023. On March 16, 2023, the trial court denied the motion to continue.

Thereafter, the matter proceeded to a hearing on the merits of Mr. Craven's petition to probate the 2020 testament and Mr. Williams' opposition thereto. At the hearing, the trial court placed the burden of proof on Mr. Williams. At the conclusion of Mr. Williams' evidence, Mr. Craven moved for an involuntary dismissal of Mr. Williams' claims pursuant to La. C.C.P. art. 1672(B),[3] arguing that

---

[3] Louisiana Code of Civil Procedure article 1672(B) provides:

4

that Mr. Williams failed to prove fraud in conjunction with the execution of the 2020 testament. The trial court granted the involuntary dismissal of Mr. Williams' claims, noting, among other things, that the 2020 testament had not been introduced into evidence. The trial court subsequently signed a judgment on December 18, 2023, denying Mr. Williams' motion to continue, denying Mr. Williams' opposition to the probate of the 2020 testament on the basis of lack of form and capacity, and granting Mr. Craven's motion for involuntary dismissal for failure to prove fraud.[4] Mr. Williams appeals.

## LAW AND DISCUSSION

Ordinarily, in proceedings challenging the validity of a testament, the factual findings of the trial court are afforded great weight and will not be set aside on appeal absent manifest error. See **Succession of Dopp**, 2021-0193 (La. App. 1st Cir. 10/18/21), 331 So.3d 949, 952; **In re Succession of Spitzfaden**, 2009-0212 (La. App. 5th Cir. 12/8/09), 30 So.3d 88, 91. However, when the trial court commits one or more legal errors that interdict the fact-finding process, the manifest error standard no longer applies, and it the record is otherwise complete, the appellate court should make its own independent *de novo* review of the record and determine a preponderance of the evidence. **Evans v. Lungrin**, 97-0541 (La. 2/6/98), 708 So.2d 731, 735. A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. *Id.* Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights. *Id.* When such a prejudicial error of law skews the trial court's finding of a material issue of

---

In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

[4] See footnote 1.

fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts *de novo*. *Id.*

On appeal, Mr. Williams contends that the trial court legally erred in placing the burden of proof on him and in granting Mr. Craven's motion for involuntary dismissal. We agree.[5]

"The formalities prescribed for the execution of a testament must be observed or the testament is absolutely null." La. C.C.P. art. 1573. "A notarial testament is one that is executed in accordance with the formalities of [La. C.C. arts.] 1577 through 1580.1." La. C.C. art. 1576. With regard to the probate of a notarial testament, La. C.C. art. 2891 provides that "[a] notarial testament ...do[es] not need to be proved" and that "[u]pon production of the testament, the court shall order it filed and executed and this order shall have the effect of probate." "The court shall proceed to probate the testament ex parte ... unless an objection thereto is made ...[;] "[a]n objection to the ex parte probate of a testament may be presented in an opposition, .... [which] must comply with the provisions of [La. C.C.P. art.] 2902, and must be filed prior to the hearing." La. C.C.P. art. 2881. Louisiana Code of Civil Procedure article 2901 provides that "[i]f an objection is made to the ex parte probate of a testament, as provided in [La. C.C.P. art.] 2881, the testament may be probated only at a contradictory trial of the matter." "The opposition to the petition

---

[5] Mr. Williams also argues on appeal that the trial court's judgment is an absolute nullity because Mr. Craven's order re-setting the matter for hearing was not served on Mr. Williams as required by law and that the trial court erred in denying Mr. Williams' motion to continue because there were good grounds for a continuance. However, because we find that the trial court's judgment must be set aside for the reasons set forth herein, these two assignments of error are rendered moot, and therefore, will not be addressed.

Mr. Williams further contends on appeal that the trial court erred in failing to find that the 2020 testament, on its face, did not comply with La. C.C. arts. 1577 or 1578, and was therefore, null pursuant to La. C.C. art. 1573. However, as detailed herein, because we find that the record from the hearing on the petition to probate and the opposition thereto is not complete, that the 2020 testament was not properly offered into evidence at that hearing, and that a new hearing is warranted, we decline to address this issue.

for the probate of a testament shall ... allege the grounds of invalidity of the testament relied on by the opponent, and shall be served upon the petitioner for the probate of the testament." La. C.C.P. art. 2902. "At the contradictory trial to probate a testament, its proponent bears the burden of proving the authenticity of the testament, and its compliance with all of the formal requirements of law." La. C.C.P. art. 2903.

However, "[a] person who challenges the capacity of a donor must prove by clear and convincing evidence that the donor lacked capacity at the time the donor made the donation *inter vivos* or executed the testament." La. C.C. art. 1482(A). Testamentary capacity is always presumed and the burden is on the party attacking the validity of the testament to prove a lack of capacity at the time the testament was executed. **Spitzfaden**, 2009-0212 (La. App. 5th Cir. 12/8/09), 30 So.3d 88, 91; see also **Succession of Barranco**, 94-1726 (La. App. 1st Cir. 6/23/95), 657 So.2d 708, 712, writ denied, 95-1902 (La. 11/3/95), 662 So.2d 11 (providing that "[t]he burden of proving lack of testamentary capacity is upon the party alleging it" and that "[a] party alleging a lack of testamentary capacity must overcome the presumption of capacity by clear and convincing evidence").

In this case, Mr. Craven filed a petition seeking to probate the 2020 testament, but the trial court declined to probate it ex parte, noting that its "validity" was "at issue" because "[t]he testator signed on two pages with an 'X'; however, the attestation clause provided in La. C.C. art. 1578[6] was not followed." Thereafter,

---

[6] Louisiana Civil Code article 1578 provides:

> When a testator knows how to sign his name and to read, and is physically able to read but unable to sign his name because of a physical infirmity, the procedure for execution of a notarial testament is as follows:

> (1) In the presence of the notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament, that he is able to see and read but unable to sign because of a physical infirmity, and shall affix his mark where his signature would otherwise be required; and if he is unable to affix his mark he may direct another person to assist him in affixing a mark, or to

7

Mr. Williams filed an opposition to the probate of the 2020 testament, asserting that the 2020 testament was invalid as to form because the testament's attestation clause failed to comply with La. C.C. art. 1578, and thus, was null pursuant to La. C.C. art. 1573. Mr. Williams also asserted that Mrs. Williams lacked testamentary capacity at the time she executed the 2020 testament because she was suffering from dementia. Therefore, at the hearing, Mr. Craven, as the proponent of the 2020 testament, had the initial burden of proving the authenticity of the 2020 testament and its compliance with all of the formal requirements of law. See La. C.C.P. art. 2903. Consequently, we find that the trial court legally erred in placing the initial burden of proof on Mr. Williams. Only after Mr. Craven had met his initial burden of proof would the burden have then shifted to Mr. Williams to prove lack of testamentary capacity.

We also find that the trial court's legal error in this regard was compounded when the trial court granted Mr. Craven's motion for involuntary dismissal. In doing so, the trial court erroneously relieved Mr. Craven—the proponent of the testament and the party charged by law with the initial burden of proof—from meeting any burden of proof at all. Additionally, the trial court erroneously granted the involuntary dismissal on an issue that was not even before the court, *i.e.* fraud. Mr. Williams' opposition to the probate of the 2020 testament was based on lack of form (compliance with La. C.C. art. 1578) and testamentary capacity. Given all of these circumstances, we find the trial court's legal errors were prejudicial to Mr. Williams

---

sign his name in his place. The other person may be one of the witnesses or the notary.

(2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: "In our presence the testator has declared or signified that this is his testament, and that he is able to see and read and knows how to sign his name but is unable to do so because of a physical infirmity; and in our presence he has affixed, or caused to be affixed, his mark or name at the end of the testament and on each other separate page, and in the presence of the testator and each other, we have subscribed our names this _____day of _____, _____."

8

because they not only resulted in the dismissal of his opposition to the probate of the 2020 testament, but they also interdicted and skewed the trial court's fact-finding process, causing it to pretermit the main issue of whether the 2020 testament was authentic and complied with all of the formal requirements of law.

Ordinarily, in such a case, a *de novo* review of the record by this Court would be warranted, wherein this Court would determine a preponderance of the evidence and render judgment on the based on the record by applying the correct law and determining the essential material facts. However, in this case, the record is not complete for us to make any of those determinations. While the record does contain some testimonial evidence concerning the circumstances surrounding Mrs. Williams' execution of the 2020 testament by the notary and witnesses thereto, that evidence was offered by Mr. Williams in his attempt to meet a burden of proof that was not legally his to bear; the record contains no evidence offered by Mr. Craven in furtherance of his burden of proof. See La. C.CP. art. 2903. Furthermore, we note, as the trial court did, that the 2020 testament was not offered into evidence at the hearing on the petition to probate the 2020 testament and the opposition to its probate.[7] Therefore, we vacate the December 18, 2023 judgment of the trial court

_____

[7] We note that a copy of the 2020 testament is in the record, as it was filed by Mr. Craven when he filed the petition to probate that testament. However, we cannot consider it as it was not properly and officially offered into evidence at the hearing on the petition to probate that testament and the opposition thereto. Evidence that is not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record; furthermore, documents attached to pleadings and memoranda do not constitute evidence and cannot be considered. **Bailey v. Loewe**, 2019-0915 (La. App. 1st Cir. 8/3/20), 310 So.3d 746,748. See also **Denoux v. Vessel Management Services, Inc.**, 2007-2143 (La. 5/21/08), 983 So.2d 84, 88-89.

We also recognize that Mr. Williams, at the hearing of and in support of his motion to continue, offered and introduced into evidence "the entire record to show how many times th[e] matter ha[d] been continued." While the record is unclear as to whether the trial court accepted the offer of evidence, it is clear that the "entire record" was being offered in conjunction with the hearing on the motion to continue, not the petition to probate the 2020 testament and the opposition. Given that the issue to be decided is the authenticity of the 2020 testament and its compliance with the requirements of law, the 2020 testament should be properly offered and introduced into evidence at the hearing on the petition to probate that testament and the opposition thereto.

and remand this matter for a new contradictory hearing on Mr. Craven's petition to probate the 2020 testament and Mr. Williams' opposition to its probate.

On remand, we instruct the trial court to set a hearing within 90 days on a date that is agreed upon by both parties and the trial court; or alternatively, for the trial court to select a hearing date and to provide both notice and appropriate service of process of an order setting that hearing date to all parties at least 60 days in advance. At the hearing, the trial court shall apply the burdens of proof, as detailed herein and is further instructed to make factual findings as to: (1) whether the 2020 testament is authentic; and (2) whether the testament complies with the formal requirements of law. If the trial court makes affirmative findings as to both of these issues, the trial court should then make a factual finding as to whether Mrs. Williams lacked testamentary capacity at the time she executed the 2020 testament. Following these factual findings, the trial court should either enter an order that the 2020 testament be probated or deny and dismiss, with prejudice, Mr. Craven's petition seeking to probate the 2020 testament.

## CONCLUSION

For all of the above and foregoing reasons, we vacate the December 18, 2023 judgment of the trial court and remand this matter to the trial court with instructions. All costs of this appeal are assessed to Patrick Craven.

**VACATED; REMANDED WITH INSTRUCTIONS.**

10